## 9870

### KEEL *ET AL.* v. SEABOARD AIR LINE RAILWAY.

(95 S. E. 64.)

1. Trial—Instructions—Reading Statutes.—In an action for death on railroad track, where it was alleged death was caused by train operated in violation of law, the mere reading of the statute to the jury was sufficient, or the Court could embody the statute in his own language.

2. Trial—Questions for Jury.—Where more than one inference can be drawn from the evidence, it is properly submitted to the jury.

3. Negligence—Wantonness—Violation of Statutes—Jury Question—"Negligence Per Se."—The violation of statute is "negligence *per se*," but not wilfulness or recklessness or wantonness *per se*, being merely evidence of the latter, in an action for death.

4. Appeal and Error—Estoppel to Allege Error—Consent to Proceeding.—Where attorneys voluntarily waived argument after the jury communicated its desire not to hear argument, they cannot maintain that they were prejudiced thereby.

Before Gary, J., Barnwell, Spring term, 1916. Affirmed.

Actions by J. C. Keel, as administrator of the estate of J. O. Walker, Jr., deceased, and Frank Baker, as administrator of the estate of Davis Baker, deceased, against the Seaboard Air Line Railway. Judgment for defendant, and plaintiffs appeal.

*Messrs. Logan & Grace, Holman & Boulware,* for appellants, cite: *As to charge upon facts:* 47 S. C. 489; 25 S. E. 798; 47 S. C. 523; 49 S. C. 550; — S. C. 526; 47 S. C. 524; 25 S. E. 810; 68 S. C. 163; 46 S. E. 1009; 72 S. C. 1. *As to Court construing statutes:* Code of Laws, sections 3210-11, as amended by act of 1912, 27th Stat. 572. *Duty of Judge to charge the jury that statute had been violated:* 92 S. C. 218 and 75 S. E. 210; 96 S. C. 74; 79 S. E. 899; 24 S. E. 837; U. S. Rep. 41 (Lawyer's ed. 166); 55 S. C. 90; 32 S. E. 832; Code of Laws, sec. 1499; 21 S. E. 581. *As to violation of prohibitive statute being wilfulness per se:* 106 S. C. 123. *As to refusal of Judge to grant motion upon minutes of the Court for new trial:* 98 S. C. 180; 2d Enc. P. & P. 699; 42 Minn. 255. *As to additional grounds advanced by respondent for sustaining the judgment below:* 73 S. E. 185; 100 S. C. 107, 105, 300; 104 S. C. 107.

*Mr. J. E. Harley* and *Messrs. Lyles & Lyles,* for respondent. *Mr. J. B. S. Lyles* cites: *As to charge upon facts:* 72 S. C. —; 65 S. C. 232; 79 S. C. 570. *As to duty of Court to expound statutes:* 16 S. C. 1; Code of Laws 1902, sections 2121-2122; Code of Laws 1912, sections 3210-3212; 23 How. 209; 16 L. Ed. 433; 77 S. C. 338, *et seq.;* 66 S. C. 530; 72 S. C. 8. *As to violation of prohibitive statute being negligence per se:* 100 S. C. 121; 86 S. C. 229; 93 S. C. 45. *As to violation of statute being wilfulness per se:* 106 S. C. 123; 78 S. C. 81; 86 S. C. 434; 91 S. C. 331; 93 S. C. 299; 93 S. C. 426. *As to refusal of motion for new trial:* 83 S. C. 232; 85 S. C. 101; 96 S. C. 277; 60 S. C. 77. *Additional grounds:* 92 S. C. 296; 93 C. C. A. 413; 168 Fed. 21; 21 L. R. A. (N. S.) 794; 88 S. E. 309; 94 S. C. 143; 16 S. C. 1; 106 S. C. 123; Code of Laws, sec. 3230.

*Messrs. Holman & Boulware,* for appellants, in reply, cite: Const. 1868, art. IV, sec. 26; Const. 1895, art V, sec. 26.

January 22, 1918.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

The two actions were for damages in the sum of $50,000 each for the alleged negligent and reckless killing of the two intestates by being run into by a train of the defendant at a crossing of the Main street in the town of Estill, S. C., on April 23, 1916. The cases were tried together at Barnwell, S. C., before Judge Gary, and a jury, and resulted in verdicts for the defendant. A motion for a new trial was made on the minutes of the Court, which was refused, and after entry of judgment plaintiffs appeal.

Upon the conclusion of the testimony the jury communicated to the Judge its desire not to hear argument, and the Judge told all counsel of this communication, asking counsel to retire, confer privately, and advise if both sides agreed to waive argument, stating that the jury should not know the position taken by either side if either side desired to make any argument. Counsel for both sides withdrew, and shortly returned and informed the Court, in the absence of the jury, that they could not agree to waive argument. The jury was brought in, and within a few minutes plaintiffs' counsel arose and announced to the Court that they had decided not to make any argument. Defendant's counsel also announced that they waived their right to make any argument. This was noted by the stenographer on his minutes as follows: "Counsel announced that they would, dispense with argument."

Exceptions 1, 2, 3, 4 and 5 complain of error in the Judge's charge to the jury.

The charge of the Judge as a whole was free from prejudicial error. He told them that they were the judges of the, facts, and that he was prohibited by law from intimating his opinion on the facts. He did not violate the provision of the Constitution by invading the province of the jury by charging on the facts or in any manner intimating his opinion of the evidence or its value. The Judge expressed no

opinion as to the weight or sufficiency of the evidence, but was careful to submit everything to the jury that they were entitled to for their determination, and there is nothing in exception 1, and it is overruled. Exception 2 is overruled.

He read the statute to the jury, and that was sufficient. He had the right to read the statute to the jury, or, if the language of the statute was embodied in his own language, this was sufficient. *Mercer v. Southern Ry.*, 66 S. C. 252, 44 S. E. 750. Exceptions 3 and 4 are overruled.

There was conflicting evidence on the points submitted by his Honor to the jury for their determination as to whether or not it was a freight train, work train, or passenger train, and whether or not it was such a train as was not permitted to run on Sunday without violating law. More than one inference could be drawn from the evidence, and it was properly submitted to the jury. Exception 5 is overruled.

The violation of a statute is negligence *per se,* but not wilfulness or recklessness or wantonness *per se.* It is evidence of wilfulness, wantonness and recklessness, but it is for the jury to say. Exceptions 6 and 7 are overruled.

There is nothing in the record to show any abuse of discretion on the part of his Honor in refusing to grant a new trial. The record shows that appellants' counsel voluntarily waived argument, that announcement was made after counsel on both sides had retired and consulted. It was deliberately done. Plaintiffs' counsel made the statement in advance of counsel for defense. They had the right to argue the cause, and no doubt his Honor would have been pleased to have had them to have done so, but they knowingly waived a known right, for it would be preposterous to assume that the capable, experienced lawyers did not know what they were doing, and did not appreciate the advantages that might be gained by submitting the case

with or without argument, and they cannot now be heard to complain that they were deprived of a substantial right. They knew their rights, and voluntarily relinquished them. The Court was not asked to withdraw case from jury; no request was made for time to reflect or consider. The appellants cannot complain that they did not get what they wanted, as they asked for nothing.

The appellants have lost their case; cannot now be allowed to complain of irregularities which were of their own seeking and granted at their request. The appellants have absolutely failed to lay any foundations for these exceptions.

All exceptions are overruled. Judgment affirmed.