## 14188

### RALLS v. SALEEBY

(182 S. E., 750)

*Messrs. Bridges & Oulla,* for appellant,

*Messrs. Huger S. King* and *McEachin & Townsend,* for respondent,

December 9, 1935.

The opinion of the Court was delivered by MR. JUSTICE BAKER.

This is an action under the "guest statute" (Code 1932, § 5908) brought in Court of Common Pleas by Ailine Underwood Ralls, as administratrix of the estate of G. O. Ralls, deceased, on behalf of herself, the widow, and Beatrice Ailine Ralls, the decedent's only child, for damages for the wrongful death of the said G. O. Ralls, caused by the alleged carelessness, recklessness, and willfulnes sof the appellant, William Saleeby, his agent, servant, or employee. The appellant demurred to the complaint on the ground that it does not state facts sufficient to constitute a cause of action under the said "guest statute," which demurrer the Circuit Judge overruled.

The portions of the complaint pertinent to the issues to be decided are as follows:

"III. That on or about July 11, 1934, plaintiff's intestate, G. O. Ralls, was riding with defendant's agent, servant, or employee on one of defendant's trucks along the Old Marion highway known as the 'Goose Pond Road,' six or eight miles east of the City of Florence, when the defendant's agent, servant, or employee, while operating the said truck in a

careless, reckless, and negligent manner; at a high and excessive rate of speed drove off the highway and into a ditch, razing the growth thereon and crashing into a small side road bridge with such force as to break the neck of plaintiff's intestate, G. O. Ralls, from which injury he died a few hours later.

"IV. That the defendant, his agent, servant, or employee, was operating defendant's truck at the time and place aforesaid, while plaintiff's intestate was riding thereon at a high, dangerous, and reckless rate of speed, in violation of the statutes of the State of South Carolina regulating the speed of motor vehicles on the highway; in a careless, negligent, and reckless manner; in wanton and willful disregard of the rights of plaintiff and other persons upon the said highway, without having the said truck under proper control, and in a manner dangerous to persons on the said truck and to plaintiff's intestate, G. O. Ralls in particular."

The order of his Honor, Judge S. W. G. Shipp, is as follows:

"This matter comes before me on a demurrer filed to the complaint upon the ground that the complaint does not state facts sufficient to constitute a cause of action under the guest statute.

"The complaint has already been construed by this Court in its order of May 13, 1935, as an action by a guest to recover for personal injuries.

"The complaint charges in substance that the agent of the defendant 'while operating the said truck in a careless, reckless, and negligent manner; at a high and excessive rate of speed, drove off the highway and into a ditch, razing the growth thereon and crashing into a small side road bridge * * * at a high, dangerous, and reckless rate of speed, in violation of the statutes of the State of South Carolina regulating the speed of motor vehicles on the highway; in a careless, negligent, and reckless manner; in wanton and willful disregard of the rights of plaintiff and other

persons upon the said highway, without having the said truck under proper control, and in a manner dangerous to persons on the said truck.'

"These allegations are sufficient to state a cause of action under the guest statute of this State. The allegation that the truck was being operated at a rate of speed in excess of that permitted by the statute alone, if properly proven, would entitle the plaintiff to have the question of recklessness and willfulness submitted to the jury.

"It is therefore, ordered, that the demurrer herein be and the same is overruled, and that the defendant shall have twenty (20) days in which to file his answer to the complaint."

The decision of this case involves only one question, to wit: Does the complaint of respondent state facts sufficient to constitute a cause of action under section 5908 of the Code of 1932, known as the "guest statute"?

This Court has many times laid down the rule that an act committed in violation of express legislative command or prohibition is negligence *per se*. Not only has such violation been branded as negligence *per se,* but this Court has repeatedly held that it is sufficient to warrant an inference of recklessness, willfulness, or wantonness, and therefore sufficient to carry that issue to the jury under proper instructions.

In the case of *Callison v. Charleston & W. C. R. Co.,* 106 S. C., 123, 90 S. E., 260, 262, Mr. Justice Hydrick, as the organ of this Court, said: "The failure of a railroad company to give the signals required by statute at a public crossing is negligence *per se;* moreover, it is sufficient to warrant a reasonable inference of recklessness, willfulness, or wantonness, and therefore sufficient to carry that issue to the jury. No doubt, in some instances, it may be the result of mere inadvertence; if so, it would be negligence only; but, when the positive command or prohibition of a statute is violated or disobeyed, it is deemed sufficient to

require submission to the jury of the question whether, under all the circumstances, it was the result of mere inadvertence, or of indifference to the rights of those who travel the highways, or a conscious failure to be careful for their safety. The reason upon which the rule is based is that, when anything is commanded or prohibited by legislative authority, every one is conclusively presumed to know it and is bound to act accordingly, and, the matter having been brought to his attention in such a solemn and impressive way, his violation or disobedience cannot be entirely excused, and therefore it amounts at the least, to negligence; and, while it may be negligence only; it is also enough to warrant a reasonable inference that it was due to indifference to the command or prohibition, or to a conscious disregard thereof, and of the rights of those intended to be safeguarded thereby. True, the facts and circumstances may repel such an inference, but it is for the jury to decide whether they do or not, unless the evidence is susceptible of but one inference."

Again, in the case of *Ford v. Atlantic Coast Line R. Co. et al.,* 169 S. C., 41, 168 S. E., 143, 159, Hon. Mendel L. Smith, Acting Associate Justice, as the voice of the Court, said: "It is therefore obvious that under the decisions of this Court, only some of which have been referred to, interpreting these sections, a brief recapitulation discloses the following conclusions: (1) That a neglect to give the prescribed statutory signals is negligence *per se;* (2) that such failure, under the contemplated conditions is not recklessness, willfulness, or wantonness *per se,* but only affords the basis of an inference sufficient to carry the case, under proper instructions, to the jury for its determination of the question."

In the case of *Lumpkin v. Mankin,* 136 S. C., 506. 134 S. E., 503, 504, Mr. Justice Blease, writing the opinion of the Court said: "If there was evidence of a conscious failure to observe due care on the part of the defendant,

or if there was evidence tending to show a violation of the Act of 1924, by the defendant, or if there was any evidence of willfulness or recklessness on the part of the defendant, then the county Judge was right in submitting the issue of punitive damages to the jury."

We are satisfied that since the complaint alleged the violation of the statute of this state governing the speed at which trucks may be driven and operated in conjunction with the allegation that the truck was driven off the highway and into a ditch, razing the growth thereon and crashing into a small side-road bridge, it stated a cause of action, especially in view of the construction placed on the wording of the said "guest statute" in *Fulghum v. Bleakley*, 177 S. C., 286, 181 S. E., 30.

Affirmed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES CARTER, BONHAM and FISHBURNE concur.