## 18659

T. J. JOWERS, Jr., Respondent v. Earl R. DUPRIEST, Jr., Appellant. Samuel M. HAIR, Respondent, v. Earl R. DUPRIEST, Jr., Appellant.

(154 S. E. (2d) 922)

*Joseph L. Nettles, Esq.,* of Columbia, *for appellant,*

*Messrs. E. P. Rish,* of Lexington, and *Robert E. Johnson* and *Williams & Johnson,* of Aiken, *for respondents,*

May 30, 1967.

Moss, Chief Justice.

These two actions, arising out of the same automobile accident, were tried together by consent of the parties and resulted in verdicts for actual damages in favor of T. J. Jowers, Jr., and actual and punitive damages in favor of Samuel M. Hair, the respondents herein, against Earl R. Dupriest, Jr., the appellant herein.

The accident occurred at about 3:00 o'clock P. M. on January 15, 1964, on Highway No. 215, approximately four miles north of the City of Aiken, in Aiken County, South Carolina, when a Chevrolet truck owned by Jowers and driven by Hair was in collision with a Dodge automobile owned and driven by the appellant herein. The action of Jowers was one for property damage and that of Hair was for personal injuries.

Timely motions for a directed verdict and for judgment *non obstante veredicto* were made on two grounds: (1) that there was no evidence of actionable negligence on the part of the appellant; and (2) that the respondents were guilty of contributory negligence. These motions were refused and this appeal followed. The question for determination here is whether the trial judge erred in refusing the motions of the appellant.

The respondents allege in their complaints that Hair was driving a Chevrolet Panel truck in a southerly direction along Highway No. 215 and made a left turn therefrom and had entered a private driveway and that the appellant, operating a Dodge automobile in a northerly direction, drove into said private driveway and collided with the Chevrolet truck, causing damage to the truck and personal injury to Hair. It is alleged that the damage and injury were proximately caused by the negligence and willfulness on the part of the appellant in that his automobile was being driven at a rate of speed in excess of the posted speed limit and too fast for the conditions then and there existing; in failing to keep a proper lookout, and in failing to keep the automobile under proper control.

The answer of the appellant denied any wrongful conduct on his part and alleged that as he was meeting the Chevrolet truck such turned suddenly to the left into the path of appellant's automobile and by reason thereof it was impossible for him to avoid colliding with the Chevrolet truck. It is then alleged that the proximate cause of respondents' injury was either the sole negligence and willfulness of

Hair or his contributory negligence and willfulness. The appellant also filed a counterclaim.

In considering whether the court below erred in refusing the motions made by the appellant we must view the evidence and the inferences fairly deducible therefrom in a light favorable to the respondents. If more than one reasonable inference can be drawn from the evidence the case must be submitted to the jury. *Shearer v. DeShon,* 240 S. C. 472, 126 S. E. (2d) 514.

Hair was employed by Jowers who owned and operated Williston Cleaners and drove the truck to pick up and deliver clothes. At the time of the accident he was going to the home of one Eubanks and in order to reach his destination it was necessary for him to make a left turn from Highway 215 into the private driveway leading to the Eubanks residence. Hair testified that before he turned into the private driveway he gave a left turn signal for more than 100 feet, stopped, looked in both directions, and after ascertaining that there was no traffic in sight, proceeded to make the left turn across the northbound lane of Highway 215. He testified that after he had negotiated his left turn and was some 20 or 30 feet into the Eubanks driveway, clear of the paved road and shoulder, he heard a noise and looked to his right and saw the appellant's car coming sideways and it struck his truck on the right-hand door, knocking it off the driveway and into a ditch.

The officer who investigated the collision stated that the posted speed limit where the accident occurred was 45 miles per hour and the appellant admitted to him that he was traveling between 55 and 60 miles per hour. This officer said that he found in the northbound lane of the highway skid marks approximately 180 to 200 feet in length leading to the Chevrolet truck. This officer testified that the day was clear and the pavement dry. This officer estimated the distance from the point of collision to the crest of a hill towards the south, this being the direction from which the appellant

came, to be approximately 500 feet and that the road from that point was level, straight and there were no obstructions to visibility. Other witnesses estimated the distance between these same points to be 500 to 600 feet.

Marvin Eubanks testified that while Hair was on his way to the Eubanks residence to pick up laundry he was following to the rear of Hair in his own car, going to his residence for the purpose of delivering the laundry to him. Eubanks testified that Hair "put out his hand a long ways before he turned." He stated that as Hair started to make his left turn he heard the squeal of tires and saw the appellant's car coming down the road sideways and saw the car of appellant hit the truck driven by Hair. The place of collision was fixed by Eubanks as being in the driveway of his yard.

The trial judge, in his order refusing the several motions made by the appellant, stated the following: "* * * Photographs of the scene were admitted into evidence showing skid marks leaving the said South Carolina Highway 215 and leading into the driveway identified as the driveway of Marvin Eubanks."

The appellant testified that he was driving from Aiken toward Columbia on Highway 215 and as he went over the crest of the hill heretofore referred to he saw the panel truck driven by Hair and that it looked as if he started to turn. Appellant stated that he hit his brakes and then concluded that Hair was not going to turn and he then eased off the brakes. He further testified that Hair just whipped right over in front of him without giving any signal visible to him. He stated that it was then he hit his brakes as hard as he could and turned the steering wheel to the right hitting the panel truck at about the front door. The appellant testified that he stopped his automobile about ten feet from the driveway and his rear wheels were in the ditch and his front wheels were on the shoulder of the road. He further stated that when he struck the truck his car was still on the pavement but the two right wheels of his car could have been off the pavement into the entrance of the driveway.

The appellant did not deny that he was driving at a speed in excess of the posted speed limit.

The posted speed limit in the area where this accident occurred was 45 miles per hour and had been fixed in the manner provided for in Section 46-367 of the Code. There is evidence that the appellant was driving at a rate of speed in excess of the aforesaid posted speed limit. It is well settled that causative violation of an applicable statute constitutes actionable negligence and is evidence of recklessness and willfulness. The conflicting evidence as to whether the appellant had his automobile under proper control required the submission of this issue to the jury.

The appellant asserts that the only reasonable inference from the testimony was that the collision was brought about by Hair making a sudden left turn just before the truck and the automobile collided and that he did everything reasonably possible to avoid the collision. It is asserted that his speed, even if a violation of the posted speed limit, had no causal connection with the collision.

Section 46-405 provides that no person shall "turn a vehicle to enter a private road or roadway or otherwise turn a vehicle from a direct course or move right or left upon a roadway unless and until such movement can be made with reasonable safety." The appellant charges the respondents with a violation of this statute and that such violation was either the sole or a contributing proximate cause.

In *Green v. Boney,* 233 S. C. 49, 103 S. E. (2d) 732, 66 A. L. R. (2d) 1370, and *Griffin v. Pitt County Transp. Co.,* 242 S. C. 424, 131 S. E. (2d) 253, we held that the phrase "with reasonable safety" as is contained in Section 46-405 of the Code, does not mean that a left turn into a private driveway can only be made when it can be done free of all possibility of danger, or that the party making such turn must be certain of absolute safety before he turns. We further held that the driver making a left turn must exercise that degree of care that should be exercised by a person of

reasonable caution and prudence under the same circumstances.

We think, under the evidence heretofore recited, an ▮▮ issue of fact for jury determination was presented as to whether the appellant was guilty of actionable negligence and willfulness. Therefore, it would have been error for the court to withdraw the case from the jury upon the ground that respondent was guilty of contributory negligence, which is not a defense to actionable willfulness.

We conclude, because of the conflicting inferences of which the evidence, to which we have referred, was susceptible, the trial judge properly submitted the factual issues, including that of proximate cause, to the jury.

The exceptions of the appellant are overruled and the judgment below is affirmed.

Affirmed.

LEWIS, BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.