20575

Eva McCrea DANIELS, Appellant, v. George William BERNARD, Respondent.

(240 S. E. (2d) 518)

52

*R. Dean Welch* and *Dalton B. Floyd, Jr.,* of Lake City, *for Appellant,*

*James M. Connor,* of *Connor & Connor,* Kingstree, *for Respondent,*

January 9, 1978.

LITTLEJOHN, Justice:

This is an appeal from an order of the lower court granting a new trial.

The appellant, Eva McCrea Daniels (Daniels), brought this action against the respondent, George William Bernard (Bernard), to recover actual and punitive damages for personal injuries sustained as a result of an automobile collision.

The complaint of Daniels alleges that she was traveling in a northerly direction on Highway 52, a four-lane road in Lake City, when an automobile driven by Bernard violently collided with the rear end of her automobile, causing her to suffer painful and permanent personal injuries. The complaint further alleged that the collision was proximately caused by the negligence, recklessness, carelessness, willfulness and wantonness of Bernard in the operation of his automobile in the following particulars:

(a) in operating his automobile at an excessive and dangerous rate of speed under the circumstances, in violation of the laws of South Carolina;

(b) in failing to keep his automobile at a reasonable and proper distance from Daniels' automobile;

(c) in failing to take proper cognizance of traffic conditions on the highway ahead of him;

. . . . . .

(f) in failing to take the necessary measures to avoid the collision when he knew or should have known that the collisions was imminent;

(g) in failing to keep his automobile under proper control; and

(h) in operating his automobile in violation of the laws of South Carolina and being otherwise negligent, careless and reckless.

In his answer, Bernard denied any wrongful driving conduct on his part which proximately caused the injuries to Daniels, and alleged that the collision was caused solely by the negligence, carelessness, recklessness, willfulness and wantonness of Daniels in the operation of her automobile in the following particulars:

(a) in unlawfully changing lanes;

(b) in failing to yield the right-of-way to Bernard's vehicle; and

(c) in failing to keep a proper lookout.

The answer further alleged that even if he was negligent, which he denied, Daniels' claim was barred by her own contributory negligence.

The case was tried before a jury and resulted in a verdict for Daniels in the amount of $7,000.00 actual and $8,000.00 punitive damages. Bernard moved for a judgment *nos obstante veredicto,* and alternatively for a new trial, based on alleged trial errors. The judge granted the motion for a new trial on the following grounds:

(1) That he erred in charging the law as to punitive damages since there was "no evidence of any statutory violation . . ." and "no evidence of recklessness on the part of the defendant."

(2) That he erred in charging that a verdict for actual damages ". . . should include such future or prospective damages, if any, as the evidence renders it reasonably certain

will of necessity result in the future from the alleged wrongful conduct."

(3) That he erred in allowing a licensed chiropractor to testify "about medical matters he is not qualified to diagnose or treat."

Daniels appeals.

Our first inquiry is limited to the question of whether there was any evidence from which the jury might reasonably have inferred (1) that Bernard was reckless, and (2) that Daniels would suffer future damages. We are of the opinion that there was evidence from which the jury could have made both findings. We therefore hold that the trial judge erred in granting the motion for a new trial on these grounds.

In regard to the question of recklessness, Ringo Wallace, an eyewitness to the collision, testified that he saw both vehicles traveling north on Highway 52; that they were both traveling in the right-hand lane; that Bernard's automobile was trailing Daniels and that it was gaining on the Daniels' vehicle; and that the Bernard automobile rammed into the rear of Daniels' vehicle.

Daniels testified that she first observed the Bernard automobile in her rear-view mirror, that it was coming up behind her, and she thought it would go around her; and that it struck her vehicle in the rear.

We think that the jury could have reasonably inferred from this testimony that Bernard was following too closely and was failing to maintain a proper lookout. Following too closely constitutes a violation of § 56-5-1930, Code of Laws of South Carolina (1976). We have held that the violation of a statute is negligence *per se* and is evidence of recklessness and willfulness, requiring the submission of the issue of punitive damages to the jury. *Jarvis v. Green,* 257 S. C. 558, 186 S. E. (2d) 765 (1972); *Still v. Blake,* 255 S. C. 95, 177 S. E. (2d) 469 (1970).

We conclude that the trial judge erred in holding that there was no evidence of recklessness to sustain an award for punitive damages.

■ Concerning the question of future damages, the trial judge ruled that there was no evidence to support such an award. We disagree.

In making this ruling, the trial judge strongly relied on the statement of Dr. D. M. Evans, a medical doctor who had examined and treated Daniels. Dr. Evans stated that he did not believe that Daniels would suffer any permanent damage or disability, but that she may need further treatment in the future.

The trial judge apparently equated disability with future damages in concluding that since there was no evidence of permanent or future disability, there could be no future damages. In the recent case of *Fishburne v. Short,* S. C., 235 S. E. (2d) 118, we held that while there was no evidence of permanent disability, an award of actual damages was proper in view of the evidence of past and future pain and suffering.

The trial judge's conclusion that the absence of evidence of permanent or future disability precluded a finding of future damages was erroneous, in light of the evidence which was presented. The testimony of Daniels, alone, was some evidence of future pain and suffering.

"Q. Are you still having difficulty as a result of this injury?

"A. Yes, sir.

"Q. Could you tell us what sort of difficulty you are having?

"A. Well I still have the same injuries that I was being treated for, like my back and my neck and arms.

"Q. Does it affect you in doing anything other than your household duties?

"A. Yes, sir, when I don't feel good, I don't feel like going much no more. I can't do things like I used to, like sewisg, I just can't apply my mind to nothing."

Dr. I. W. Canupp, a licensed chiropractor who had examined Daniels, testified that she had suffered severe strain of the cervical dorsal spine, a wrenching injury to the right shoulder, and injury of the lower spine with possible radiation of a disc. Based on his diagnosis, Dr. Canupp recommended that Daniels undergo a series of chiropractic treatment which would take about three months.

In ruling on the motion for a new trial, the judge held that Dr. Canupp's testimony, concerning Daniels' medical condition was not competent evidence.

No cases are to be found in South Carolina which have discussed the competency of chiropractors to testify as expert or medical witnesses. We recognized in *State v. Barnes,* 119 S. C. 213, 112 S. E. 62 (1922), that chiropractic is a field of medicine. In *Williams v. Capitol Life & Health Ins. Co.,* 209 S. C. 512, 41 S. E. (2d) 208 (1947), we held by way of analogy that a duly licensed chiropractor stands for all purposes in the position of a physician, to the extent that he limits his activities to the scope of his profession. *See, also Bauer v. State,* 267 S. C. 224, 227 S. E. (2d) 195 (1976).

The rule generally followed in other jurisdictions is that "A chiropractor is competent to testify as an expert or medical witness concerning matters within the scope of the profession and practice of chiropractic. Where the proper foundation is laid and the matter is within the scope of the profession of practice of chiropractic, a chiropractor is competent to express his opinion as to the nature and extent of injuries to portions of the human body to which the chiropractic segment of medical science relates, as to the probable cause of an injury to, or the physical condition or death of, a person, and as to the probable effects and duration, permanence, future medical requirements, or the like, in connection with an injury to or the physical condition of an

injured person. A chiropractor is also competent in a personal injury action to interpret an *X*-ray photograph relating to the injury to or the physical condition of the injured person, where it is properly connected and identified, the witness is qualified or familiar with the use of *X*-ray photographs, and the subject matter thereof relates to the profession or practice of chiropractic." 31 Am. Jur. (2d), *Expert and Opinion Evidence*, § 107; *see, also,* 52 A. L. R. (2d) 1384.

We approve of the foregoing statement and hold that Dr. Canupp's testimony was competent and within the scope of the practice of chiropractic as defined by statute. *See* Code § 40-9-10, *as amended* (Supp. 1977).

Even without the testimony of the chiropractor, we think a jury issue existed on the question of future damages. Since his testimony was competent, there can be no serious question but that future damages were appropriately submitted to the jury.

We hold that the trial judge erred in granting the motion for a new trial on each of the three grounds specified hereinabove.

The verdict for Daniels is reinstated, and the order granting a new trial is

Reversed.

LEWIS, C. J., and NESS, RHODES and GREGORY, J.J., concur.