21906

Terris S. RHODES, Appellant, v. Alice M. LAWRENCE, Respondent.

(302 S. E. (2d) 343)

*Moss, Bailey, Dore & Jessee,* Beaufort, *for appellant.*

*Howell, Barnes, Bowers & Gibson,* Beaufort, *for respondent.*

April 20, 1983.

*Per Curiam:*

Plaintiff appeals from a directed verdict granted to defendant on the question of punitive damages. Judgment for actual damages was entered upon a jury verdict for the plaintiff, but appeal is also taken from this award on the grounds of inadequacy. We reverse the directed verdict and remand for a new trial of all issues.

This suit arises from an automobile accident occurring as the parties were proceeding along a two lane highway, both driving in the same direction with the defendant at some distance behind the plaintiff. When the collision occurred, plaintiff was making a left turn and defendant was attempting to pass. Both automobiles were thus on the left-hand side of the roadway at the moment of impact.

The cause of the wreck was a closely contested issue. Testimony was offered as to alleged statutory violations by the defendant and the trial judge charged the jury with regard to these statutory provisions. In these circumstances, a jury question as to punitive damages was clearly presented given the well settled rule that a showing of statutory violation can be evidence of recklessness and willfulness. *Daniels v. Bernard,* 270 S. C. 51, 55, 240 S. E. (2d) 518; *Jarvis v. Green,* 257 S. C. 558, 561, 186 S. E. (2d) 765; *Still v. Blake,* 255 S. C. 95, 102, 177 S. E. (2d) 469; *West v. Sowell,* 237 S. C. 641, 647, 118 S. E.

(2d) 692. The trial judge, therefore, erroneously disposed of the issue of punitive damages as a matter of law.

Judgment is reversed and the cause of action is remanded for new trial.