21922

Joseph JOHNSON, a minor under the age of 14 years, by Guardian ad Litem, Appellant, v. George PARKER and Mildred G. Henderson t/a Yellow Cab Company, Respondents, and Rubye JOHNSON, Appellant, v. George PARKER and Mildred G. Henderson t/a Yellow Cab Company, Respondents.

(303 S. E. (2d) 95)

*Ruben L. Gray,* of *Gray & Weston,* Sumter, *for appellants.*

*Robert W. Brown,* of *Weinberg, Brown & McDougall,* Sumter, *for respondents.*

May 11, 1983.

NESS, Justice:

This is an action for damages brought by appellant Joseph Johnson for injuries sustained when respondents' automobile collided with the moped Johnson was riding. Appellant Rubye Johnson, Joseph's mother, brought a derivative action which was consolidated for trial with Joseph's action. The jury found for respondents. We reverse and remand for a new trial.

Appellant Joseph asserts the trial court erred in striking the allegations of wilfulness and recklessness from his complaint for lack of evidence to support those allegations.

The complaint alleges respondent Parker turned left into the path of Joseph's oncoming moped, in violation of S. C.

Code Ann. 56-5-2320 (1976) requiring drivers of vehicles turning left to "yield the right-of-way to any vehicle approaching from the opposite direction which is within the intersection or so close thereto as to constitute an immediate hazard." We have consistently held that causative violation of an applicable statute by a motorist is evidence of recklessness, wilfulness and wantonness. *Daniels v. Bernard*, 270 S. C. 51, 240 S. E. (2d) 518 (1978); *Jarvis v. Green*, 257 S. C. 558, 186 S. E. (2d) 765 (1972); also see *Rhodes v. Lawrence*, 302 S. E. (2d) 343 (S. C. 1983).

Respondents argue that the jury did not find even simple negligence, and thus appellant was not prejudiced by the striking of the recklessness allegations. However, as respondents alleged contributory negligence as a defense, the jury could have found respondent was negligent, but that appellant was also negligent. While simple contributory negligence will bar recovery for simple negligence, it is not a defense to recklessness. We conclude the trial judge erred in precluding the jury from considering the allegations of recklessness.

Both appellants contend the trial court erred in denying their motions for a new trial.

At the close of the case, the trial judge properly instructed the jury concerning the possible verdict forms and told the forelady to write the verdicts on the backs of the pleadings. When the jury returned with the verdicts, they were handed to the clerk of court without examination by the trial judge.[1] On the back of both pleadings, the forelady had written "[w]e find for the defendants guilty." Nevertheless, the clerk published the verdicts as "[w]e find for the defendants."

Appellants' counsel did not discover the mistake until several days later. The trial judge denied appellants' motion for a new trial.

We think the jury's verdicts as written on the pleadings are inconsistent with a finding of no liability. The record is replete with evidence the jury was confused, and the verdicts reflect this confusion.

---

[1] We think it is incumbent upon the trial judge to examine a jury's verdict before permitting it to be published.

A jury verdict should be upheld when it is possible to do so and carry into effect the jury's clear intention. However, when a verdict is so confused that the jury's intent is unclear, the safest and best course is to order a new trial. *Lorick & Lowrance, Inc. v. Julius H. Walker & Co.*, 153 S. C. 309, 150 S.E. 789 (1929). We hold the trial judge erred in denying appellant's motion, reverse, and remand for a new trial.

Reversed and remanded.

LEWIS, C. J., and LITTLEJOHN, GREGORY, and HARWELL, JJ., concur.