23908

William H. WISE, Jr., Appellant v. James H. BROADWAY, Respondent.

(433 S.E. (2d) 857)

Supreme Court

*Gordon B. Jenkinson* of *Jenkinson & Jenkinson, P.A.,* Kingstree, *for appellant.*

*Rebecca Laffitte* and *C. Mitchell Brown* of *Nelson, Mullins, Riley & Scarborough,* Columbia, and *Robert W. Brown, Weinberg, Brown & McDougall,* Sumter, *for respondent.*

*Desa A. Ballard* and *L. Joel Chastain* of *Ness, Motley,*

*Loadholt, Richardson & Poole,* Barnwell, *for amicus curiae South Carolina Trial Lawyers Ass'n.*

*H. Mills Gallivan* of *Gibbes and Clarkson, P.A.,* Greenville, and *Danny C. Crowe* and *Laura Callaway Hart* of *Turner, Padget, Graham & Laney, P.A.,* Columbia, *for amicus curiae South Carolina Defense Trial Attys. Ass'n.*

Heard Dec. 11, 1992; Decided July 19, 1993.

Reh. Den. Aug. 17, 1993.

HARWELL, Chief Justice:

This is an automobile collision case. Appellant William H. Wise, Jr. asserts that the trial judge erred in finding that he was not entitled to punitive damages based on testimony that respondent James H. Broadway had violated a traffic law and thus was negligent *per se.* We reverse and remand for a new trial.

## I. FACTS

Early in the morning of September 9, 1988, appellant was driving to work. Respondent was following appellant's automobile at a distance of three to four car lengths. He was driving a heavy-duty pickup truck with a half-full 140-gallon fuel tank in the back. Both parties were traveling at approximately twenty to twenty-five miles per hour. The weather was misting rain and the streets were wet.

Appellant stopped to allow oncoming traffic to pass before turning left into a gas station. Respondent braked but the weight in the back of his truck shifted and he was unable to bring his vehicle to a halt on the wet pavement in time to avoid colliding with the rear of appellant's automobile. Appellant suffered personal injury as well as property damage to his car.

Appellant brought an action alleging that he had been harmed as the result of respondent's negligence, gross negligence, willfulness, and wantonness. Respondent asserted that appellant had been contributorily negligent. The case subsequently was tried before a jury.

At the conclusion of appellant's case-in-chief, respondent moved to strike appellant's prayer for punitive

damages on the ground that there was no evidence respondent had acted recklessly, willfully, or wantonly, so as to warrant submitting punitive damages to the jury. Appellant argued that if the jury found respondent guilty of violating a traffic statute,[1] as alleged, respondent would be guilty of negligence *per se*. He further argued that if the jury found respondent guilty of violating the statute, the violation would constitute evidence of recklessness, willfulness, and wantonness. The trial judge disagreed, stating, "I'm just saying that I don't think that a simple violation of this statute would give rise to anything but actual damages. It would be evidence of negligence [*per se*], simple negligence." Accordingly, the trial judge struck appellant's prayer for punitive damages. The jury found for respondent.[2]

## II. DISCUSSION

Appellant contends that the violation of a statute constitutes negligence *per se*, and is sufficient evidence of recklessness, willfulness, and wantonness to require the jury to determine whether, in light of all the evidence, respondent was guilty of reckless, willful, and wanton conduct so as to entitle appellant to a verdict for punitive damages. We agree.

The causative violation of a statute constitutes negligence *per se* and is evidence of recklessness and willfulness, requiring the submission of the issue of punitive damages to the jury. *Daniels v. Bernard*, 270 S.C. 51, 240 S.E. (2d) 518 (1978); *Shearer v. DeShon*, 240 S.C. 472, 126 S.E. (2d) 514 (1962). Violation of a statute does not constitute recklessness, willfulness, and wantonness *per se*, but is some evidence that the defendant acted recklessly, willfully, and wantonly. *Keel v. Seaboard Air Line Ry.*, 108 S.C. 390, 95 S.E. 64 (1918).

---

[1] Appellant alleged that respondent violated S.C. Code Ann. § 56-5-1930(a) (1976), which provides:

> The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon and the condition of the highway.

[2] The jury's inability to consider the issue of reckless and wanton conduct on the part of respondent effectively eliminated appellant's defense to respondent's claim that he had been contributorily negligent. *See Wilson v. Duke Power Co.*, 273 S.C. 610, 258 S.E. (2d) 101 (1979) (contributory negligence not available as a defense when defendant was reckless).

It is always for the jury to determine whether a party has been reckless, willful, and wanton. *Ralls v. Saleeby*, 178 S.C. 431, 182 S.E. 750 (1935). However, it is not obligatory as a matter of law for the jury to make such a finding in every case of a statutory violation. *Fisher v. J.H. Sheridan Co.*, 182 S.C. 316, 189 S.E. 356 (1937).

Here, there is evidence from which the jury could have concluded that respondent violated section 56-5-1930(a). Had the jury so found, the violation of section 56-5-1930(a) would be negligence *per se* and evidence of recklessness from which the jury could find that the respondent was guilty of reckless conduct, and, consequently, liable for punitive damages.

We find that the trial judge erred in granting respondent's motion to strike and removing the issue of punitive damages from the jury's deliberations. Accordingly, the jury verdict in favor of respondent is reversed, and the case is remanded for a new trial.

Reversed and remanded.

FINNEY and MOORE, JJ., concur.

CHANDLER, J., concurring in separate opinion.

TOAL, J., dissenting in separate opinion.

CHANDLER, Justice (concurring):

I concur fully with the majority opinion but am constrained to respond to what I consider clearly erroneous legal positions taken in the dissent.

The single issue in question here involves a fundamental principle clearly enunciated, and long enunciated, in the tort law of South Carolina.

Simply stated, the question is: Does the violation of a statute by a party constitute *evidence* of recklessness, willfulness and wantonness from which a jury *may* find the party guilty of recklessness, willfulness and wantonness and award punitive damages. This question has been answered in the affirmative through an uninterrupted line of cases decided by this Court.

As early as 1916, this Court held that causative violation of

a statute constitutes *evidence* of recklessness, requiring submission of the issue to the jury:

> The failure of a railroad company to give the signals required by statute at a public crossing is negligence *per se;* moreover, it is sufficient to warrant a reasonable inference of recklessness, wilfulness, or wantonness, and therefore sufficient to carry that issue to the jury. No doubt, in some instances, it may be the result of mere inadvertence; if so, it would be negligence only; but, *when the positive command or prohibition of a statute is violated or disobeyed, it is deemed sufficient to require submission to the jury of the question whether, under all the circumstances, it was the result of mere inadvertence, or of indifference to the rights of those who travel the highways, or a conscious failure to be careful for their safety.*

*Callison v. Charleston & W.C. Ry. Co.*, 106 S.C. 123, 129, 90 S.E. 260, 262 (1916). (Emphasis supplied.)

The holding in *Callison* has been repeatedly cited, relied upon and reaffirmed in decision after decision. In the 1983 case of *Johnson v. Parker*, 279 S.C. 132, 303 S.E. (2d) 95 (1983), the Court spoke plainly, "We have consistently held that causative violation of a statute is evidence of recklessness, wilfulness and wantonness." *See also Jowers v. Dupriest*, 249 S.C. 506, 154 S.E. (2d) 922 (1967), wherein Chief Justice Moss, writing for the Court, stated, "It is well settled that causative violation of a statute constitutes actionable negligence *and is evidence of recklessness and willfulness."* (Emphasis supplied.)

Finally, as recently as 1991, the present Court reaffirmed *Callison* in the clearest of language:

> Causative violation of an applicable statute is evidence of recklessness, willfulness and wantonness.

*Cooper v. County of Florence*, 306 S.C. 408, 411, 412 S.E. (2d) 417, 418 (1991).

There is no basis whatsoever for the dissent's claim that "Stated in its simplest terms, the law of South Carolina will now equate negligence *per se* with recklessness *per se."*

The impact of a statutory violation upon negligence is patently distinguishable from its impact upon recklessness.

As to negligence, the violation constitutes negligence *per se* and, if damages be proven, mandates an appropriate verdict for actual damages. As to recklessness, however, the violation is not recklessness *per se*, but merely *evidence* of recklessness; the jury is at liberty to determine that, notwithstanding the statutory violation, recklessness has not been established and, accordingly, punitive damages may not be awarded. On the other hand, the jury *may* determine that the evidence, including the statutory violation, warrants a finding of recklessness and, accordingly, award punitive damages.

The majority's holding that the violation of a statute constitutes in every case *evidence* of recklessness is condemned in the dissent as "dangerous new ground, upon which the majority travels." Not so. To the contrary, the majority travels upon *stare decisis*. It is the dissent which would reverse precedent and diminish the established rule of South Carolina tort law.

According to the dissent, "This dangerous new ground upon which the majority now travels will allow every minor accident and 'fender bender' to become a punitive damages case."

Again, not so. Since the rule that a statutory violation constitutes evidence of recklessness was articulated in *Callison* over 75 years ago, the record of jury verdicts for punitive damages in South Carolina, including their review by trial judges, negates the calamity foreboded in the dissent.

Finally, it must be noted that the rule in *Callison* could hardly find more impacting validity than in the case before us. Here, on a rainy morning, the defendant truck driver was proceeding on a wet highway with a shifting load at a distance too close to avoid crashing into the rear of plaintiff's vehicle which had made a proper stop, preparatory to making a left turn. This conduct was, on its face, egregious negligence and evidence of recklessness. Certainly, under the facts and circumstances of this record, the issue was within the sole province of the jury.

## CONCLUSION

The Court in *Callison*, in adopting the rule that a statutory violation constitutes *evidence* of recklessness, expounded its rationale:

> The reason upon which the rule is based is that, when anything is commanded or prohibited by legislative authority, every one is conclusively presumed to know it and is bound to act accordingly, and, the matter having been brought to his attention in such a solemn and impressive way, his violation or disobedience cannot be entirely excused, and therefore it amounts at the least, to negligence; and, while it may be negligence only, it *is also enough to warrant a reasonable inference that it was due to indifference to the command or prohibition, or to a conscious disregard thereof, . . . .*

*Callison,* 106 S.C. at 129, 90 S.E. at 262. (Emphasis supplied.)

The rule may be abrogated only by an Act of the General Assembly, or by a decision of this Court upon motion to overrule precedent.

The present case should be reversed and remanded.

TOAL, Justice:

I respectfully dissent. Today, the majority holds that the predicate act of violating a simple traffic statute is all that is required to support the award of punitive damages. Stated in its simplest terms, the law of South Carolina will now equate negligence *per se* with recklessness *per se.*

The Appellant asserts that the violation of a statute, regardless of the surrounding circumstances, is sufficient evidence, in and of itself, to warrant the submission of punitive damages to the jury. I strongly disagree. We have held that punitive damages should be submitted to the jury only when there is evidence that the tortfeasor's conduct was willful, wanton, or in reckless disregard of the rights of others. *Cartee v. Lesley,* 290 S.C. 333, 350 S.E. (2d) 388 (1986). We have also held that the violation of a statute constitutes negligence *per se* and may be evidence of reckless or willful conduct. *Rhodes v. Lawrence,* 279 S.C. 96, 302 S.E. (2d) 343 (1983); *Carraway v. Pee Dee Block, Inc.,* 275 S.C. 511, 273 S.E. (2d) 340 (1980).

This rule is based on the presumption that all people have knowledge of the law, and are bound to act accordingly. *Callison v. Charleston & Western Carolina Ry. Co.,* 106 S.C. 123, 90 S.E. 260 (1916). Therefore, the violation of a statute generally amounts to negligence, and may warrant a reasonable in-

ference that the defendant violated the statute due to indifference or conscious disregard of his statutory duty. *Id.*

As a general rule, the jury may consider negligence *per se*, together with all of the other circumstances presented in the case, to determine whether a party was willful or merely negligent. *Jumper v. Goodwin*, 239 S.C. 508, 123 S.E. (2d) 857 (1962). Where only one reasonable inference can be deduced from the evidence, however, the question becomes one of law for the court, and the court can refuse to submit punitive damages to the jury, even though the letter of some statute has not been observed by the defendant. *Bell v. Atlantic Coast Line R. Co.*, 202 S.C. 160, 24 S.E. (2d) 177 (1943).

The record here was devoid of any evidence which supported the inference that Respondent acted with any conscious disregard of his statutory duty to the Appellant. This was a rear-end collision in misting rain where the parties were both traveling under the speed limit. Defendant's statutory violation, upon which punitive damages were predicated, was "following too closely." Although circumstances of a violation of law may evince such an utter disregard for the safety of others as to render the act of violation wanton and reckless, the simple violation of a statute does not, of itself, constitute willful and wanton misconduct. 57A Am. Jur. (2d), *Negligence* § 722 (1989).

Accordingly, I can see no error in the trial judge's striking Appellant's prayer for punitive damages. To hold otherwise undermines the evidentiary principle in South Carolina that if only one reasonable inference can be deduced from the evidence, it becomes a question of law for the court, and not a question of fact for the jury. *See Cubbage v. Roos*, 181 S.C. 188, 186 S.E. 794 (1936).

I find further support for this position in the legislature's enactment of S.C. Code Ann. § 15-33-135 (Supp. 1991), which provides that punitive damages in a civil action must be proven by clear and convincing evidence. The legislation which created S.C. Code Ann. § 15-33-135 also provides that the statute is applicable to any cause of action, "arising or accruing on or after April 5, 1988." *Id.* In the present case, the accident giving rise to this cause of action occurred on September 9, 1988, and was plainly within the ambit of the statute.

Clear and convincing evidence is an elevated standard of proof, which lies between the lesser standard of "preponderance of the evidence," used in most civil cases, and the higher standard of "beyond a reasonable doubt," which is required in criminal cases. *Smith v. Dept. of Health and Rehabilitative Svcs.*, 522 So. (2d) 956 (Fla. Ct. App. 1988). In my view, the mere violation of the statute, without more, is insufficient to prove punitive damages by clear and convincing evidence.

This dangerous new ground, upon which the majority now travels, will allow every minor accident and "fender bender" to become a punitive damages case. This alone is cause for concern; but by using a lessor standard of proof to present the punitive damages issue to the jury, the majority further exacerbates the problem by providing a vehicle for the complaining party to circumvent the intent of the legislature.

My dissent in *Cooper v. County of Florence*, 306 S.C. 408, 412 S.E. (2d) 417 (1991), expressed the fear that the majority's rule placed a severe limitation on the directed verdict, and judgment *non obstante veredicto*. This concern appears to have been well founded. The majority in *Cooper* adopted the rule that a "[c]ausative violation of an applicable statute was *evidence* of recklessness, willfulness, and wantonness." *Id.* at —, 412 S.E. (2d) at 418 [emphasis added]. With this decision, it is no longer evidence, but instead, a *per se* reckless violation which gets to the jury on a preponderance of the evidence. It is my opinion that the limitation imposed in Cooper, and expanded here, will destroy any exercise of discretion by the trial judge in granting a directed verdict or judgment *non obstante veredicto* for punitive damages in any minor accident.

For the reasons set forth above, I would affirm the trial court.