THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Mondell Belton,       
Appellant,
 
 
 

v.

 
 
 
Phillip Jordan,       
Respondent.
 
 
 

Appeal From Kershaw County
G. Thomas Cooper, Jr., Circuit Court 
 Judge

Unpublished Opinion No. 2003-UP-439
Submitted April 18, 2003  Filed June 25, 2003 

AFFIRMED

 
 
 
John Woodson Rabb, Jr., of Camden, for Appellant.
J. Kennedy DuBose, Jr., and Jonathan M. Robinson, of Camden, for Respondent.
 
 
 

PER CURIAM: Mondell Belton brought this 
 action against Phillip Jordan for injuries resulting from the collision between 
 Beltons person and Jordans automobile.  Following the close of the defenses 
 case, the trial court granted the defenses motion to strike punitive damages.  
 The case was submitted to the jury, who found that Belton was sixty percent 
 negligent in the cause of the accident and entered a verdict for Jordan.  Belton 
 appeals.  We affirm.
FACTS AND PROCEDURAL HISTORY
On January 14, 1999, Jordan was driving 
 to the store to purchase some cigarettes.  As Jordan approached the median to 
 make a left turn his vehicle collided with Belton who was standing in the median.  
 Earlier that evening Jordan had consumed two beers at dinner, however, both 
 the police and a bystander, Elisha James Stevens, testified that Jordan did 
 not appear to be under the influence of alcohol or to be impaired in any manner.   

About half and hour earlier, Belton was walking 
 to the store to purchase a beer and a pack of cigarettes. Earlier that evening, 
 Belton had consumed a pint of liquor shared with two other people, along with 
 a beer.  While returning home from the store, Belton was standing in a left 
 turn median waiting to cross the highway when he was hit by Jordan.  The police 
 who responded to the scene and the bystander both noted that Belton reeked of 
 alcohol.  Belton also testified that he was intoxicated.  Belton was dressed 
 in dark green pants, a light green shirt and a dark green jacket.  The accident 
 occurred at approximately 10 p.m. and the weather was misting rain.  
LAW/ANALYSIS
Belton contends that the trial court erred 
 in striking punitive damages from the case.  Belton cites Rowe v. Frick, 
 250 S.C. 499, 159 S.E.2d 47 (1968) for the proposition that the violation of 
 a state statute establishes negligence per se and some evidence of recklessness, 
 willfulness and wantonness.  Belton contends that he presented evidence that 
 Jordan violated S.C. Code Ann. § 56-5-3230 which provides in part that every 
 driver of a vehicle shall exercise due care to avoid colliding with any pedestrian.  

Belton contends that at trial he presented 
 testimony that he was standing in a fourteen foot wide median and that when 
 he saw Jordans car approach he began to waive his hands.  Belton testified 
 that Jordan did not have his turn signal on nor did he sound his horn or apply 
 his brakes until after he struck Belton.  Belton further testified that that 
 the area where he was standing was illuminated. 
 During the trial, the judge stated that 
 he did not see anything in the record that would lead this jury to consider 
 punitive damages.   In the judges order denying Beltons motion for a new trial, 
 the judge cited Trivelas v. S.C. Dept of Transp., 348 S.C. 125, 558 
 S.E.2d 271 (Ct. App. 2001), stating that although the violation of a statute 
 can establish duty and negligence per se, the finding of a statutory violation 
 does not automatically lead to Plaintiffs recovery of punitive damages.  Furthermore, 
 the trial judge stated that our case law has recognized that a violation of 
 a traffic statute does not constitute negligence per se under explanatory or 
 excusatory circumstances.  The trial court further found that Belton failed 
 to establish at trial that the Defendant violated a traffic statute.  
In the case of Wise v. Broadway, 315 S.C. 
 273, 277, 433 S.E.2d 857, 859 (1993), the supreme court found that it was reversible 
 error for the trial court to strike punitive damages when there was evidence 
 from which the jury could have concluded that the Defendant violated a statute.  
 The court went on to state that had the jury so found, the violation of the 
 section would have been negligence per se and evidence of recklessness from 
 which the jury could find that the respondent was guilty of reckless conduct, 
 and, consequently, liable for punitive damages.  The court found that the striking 
 of punitive damages was prejudicial, although the jury ultimately found for 
 the defendant, because the jurys inability to consider the issue of reckless 
 and wanton conduct on the part of respondent effectively eliminated appellants 
 defense to respondents claim that he had been contributorily negligent. Wise, 
 Id at n.2, 433 S.E. 2d at n.2 citing Wilson v. Duke Power Co., 
 273 S.C. 610, 258 S.E.2d 101 (1979) (contributory negligence not available as 
 a defense when defendant was reckless).
We distinguish Wise from the present case 
 in that the Wise case involved the sole defense of contributory negligence 
 and this case involves the defense of comparative and contributory negligence.  
 Under the contributory negligence doctrine, it was generally held that if the 
 negligence of the plaintiff contributed in any respect to his damages, he was 
 completely barred from recovering against a defendant guilty of even greater 
 negligence.  Weaver v. Lentz, 348 S.C. 672, 684,  561 S.E.2d 362, 366 
 (Ct. App. 2002). One recognized exception to the contributory negligence rule 
 was that simple negligence on the part of the plaintiff was not a defense to 
 reckless or willful misconduct on the part of the defendant.  Oliver v. Blakeney, 
 244 S.C. 565, 569, 137 S.E.2d 772, 774 (1964).  However, under a comparative 
 negligence scheme, a plaintiff in a negligence action may recover damages if 
 his or her negligence is not greater than that of the defendant.  The amount 
 of the plaintiff's recovery [is] reduced in proportion to the amount of his 
 or her negligence.  Nelson v. Concrete Supply Co., 303 S.C. 243, 399 
 S.E.2d 783 (1991).
We find that the Plaintiff was not prejudiced by 
 the striking of punitive damages. We find that the trial court did charge language 
 regarding reckless and wanton conduct, and therefore the jury was able to consider 
 such conduct when comparing the negligence of the two parties.  Both parties 
 argued that the others actions were in violation of a statute, therefore, the 
 jury would have been able to consider either parties violations when comparing 
 the negligence of the two.  The trial court charged that:

A violation of the statute or ordinance is not however necessarily 
 willfulness or wantonness, but such a violation may be considered by you, the 
 jury, along with all the other facts and circumstances surrounding the event 
 as evidence of recklessness or willful conduct.   

At the completion of the jury charge, there was no objection 
 by either party.  As instructed, the jury considered the concepts of simple 
 negligence and recklessness as matters of degree subsumed within the general 
 term negligence. The jury performed its duties consistent with the unobjected--to 
 instructions of the trial court, and we find the trial court appropriately exercised 
 its duties pursuant to the concept of comparative negligence. We find that the 
 Plaintiff was not prejudiced by the failure to include specific language pertaining 
 to punitive damages because the jury ultimately found for the Defendant.
CONCLUSION
Based on the foregoing, the trial judges decision 
 to grant Jordans motion to strike punitive damages is 
AFFIRMED.
CURETON, ANDERSON and HUFF, JJ., concur.