**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Glenda Couram, Appellant,

v.

Sherwood Tidwell, Respondent.

Appellate Case No. 2017-002145

Appeal From Richland County
Jocelyn Newman, Circuit Court Judge

Unpublished Opinion No. 2021-UP-367
Submitted September 1, 2021 – Filed October 27, 2021

**REVERSED AND REMANDED**

Glenda Couram, pro se, of Lexington, Appellant.

Timothy Alan Domin, of Clawson and Staubes, of
Charleston, for Respondent.

**PER CURIAM:** Glenda Couram was injured in a multivehicle accident when
Sherwood Tidwell's truck hit the back of a vehicle, pushing it into the rear of
Couram's car. Tidwell was cited for driving too fast for conditions in violation of
section 56-5-1520 of the South Carolina Code (2018). Couram filed this lawsuit
seeking actual damages for her injuries and punitive damages. Couram appeals

several issues including the issue of punitive damages.[1] The circuit court granted Tidwell's directed verdict motion as to punitive damages. We reverse and remand.

Couram appeared pro se at trial. She testifed on her own behalf regarding the accident and her injuries therefrom. Couram also called Tidwell to testify in her case-in-chief. He essentially reiterated Couram's testimony as to the circumstances of the accident. In questioning Tidwell, Couram stated "I know it was a[n] accident. And I know what happened was unintentional. And I -- and it was an accident, just simple as [that]. But unfortunately, accident[s] can cause injury sometimes."

At the conclusion of Couram's case, Tidwell moved for a directed verdict as to her claim for punitive damages. Tidwell argued Couram had presented no evidence of willful, wanton, or reckless conduct. In response, Couram argued the violation of a statute, in this case, Tidwell being cited for driving too fast for conditions, constituted evidence sufficient to send the issue to the jury. The circuit court indicated a violation of the statute did not create a punitive case per se and that Couram's testimony and characterization of the accident as accidental and unintentional precluded her request for punitive damages. Therefore, the court granted Tidwell's directed verdict motion as to punitive damages. Tidwell presented his case, and the jury ultimately returned a verdict in favor of Couram for $1,000 in actual damages. This appeal followed.

"In reviewing a ruling on a motion for a directed verdict, this [c]ourt must view the evidence and all reasonable inferences from the evidence in the light most favorable to the party opposing the motion."[2] *Fairchild v. S.C. Dep't of Transp.*,

---

[1] Because our disposition of the punitive damages issue is dispositive, we decline to address the remaining issues. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (finding it unnecessary to address other issues when prior issue is dispositive).

[2] Couram's issue on appeal states the circuit court erred in refusing to charge the jury on punitive damages. While this statement is somewhat ambiguous and could be interpreted as relating to jury instructions, it is clear from the circumstances and her argument that Couram is appealing the circuit court's grant of directed verdict on punitive damages. Therefore, that is the appropriate standard of review. *See Mishoe v. Atl. Coast Line R. Co.*, 186 S.C. 402, 412, 197 S.E. 97, 101 (1938) (noting the appellate "court looks to the substance and not to the shadows" in evaluating points raised on appeal).

398 S.C. 90, 99, 727 S.E.2d 407, 411 (2012). "A case should be submitted to the jury when the evidence is susceptible of more than one reasonable inference." *Id*. "It is not the duty of the trial court to weigh the testimony in ruling on a motion for a directed verdict." *Id*.

"Punitive damages are recoverable where there is evidence the defendant's conduct was reckless, willful, or wanton." *Id*. at 99, 727 S.E.2d at 411-12. "Recklessness is the doing of a negligent act knowingly; it is a conscious failure to exercise due care, and the element distinguishing actionable negligence from a willful tort is inadvertence." *Id*. at 99, 727 S.E.2d at 412.

In *Fairchild*, our supreme court affirmed the court of appeals' determination that the circuit court had erred in granting the defendant's directed verdict motion as to punitive damages. *Id*. at 111, 727 S.E.2d at 418. In doing so, the supreme court quoted with approval the court of appeals' opinion, stating:

> Citing long-standing South Carolina precedent, the Court of Appeals held the violation of a statute constitutes negligence per se, and negligence per se is some evidence of recklessness and willfulness that requires submission of the issue of punitive damages to the jury. The Court of Appeals cited this Court's decision in *Wise v. Broadway,* 315 S.C. 273, 433 S.E.2d 857 (1993) as well as additional authorities to this effect:
>
>> *Wise v. Broadway*, 315 S.C. 273, 276, 433 S.E.2d 857, 859 (1993) ("The causative violation of a statute constitutes negligence per se and is evidence of recklessness and willfulness, requiring the submission of the issue of punitive damages to the jury."); *Rhodes v. Lawrence*, 279 S.C. 96, 97-98, 302 S.E.2d 343, 344 (1983) ("In these circumstances, a jury question as to punitive damages was clearly presented given the well settled rule that a showing of statutory violation can be evidence of recklessness and willfulness."); *Austin v. Specialty Transp. Servs., Inc.*, 358 S.C. 298, 314, 594 S.E.2d 867, 875 (Ct. App. 2004)

> ("A factual question as to punitive damages
> is presented when there is evidence of a
> statutory violation.").
>
> The Court of Appeals noted "[t]hese cases limit their
> holdings to creating a jury question only and not
> recklessness per se."

*Id.* at 97-98, 727 S.E.2d at 411 (*quoting Fairchild v. S.C. Dep't of Transp.*, 385 S.C. 344, 354, 583 S.E.2d 818, 823 (Ct. App. 2009)).

In the instant case, Tidwell was charged with a statutory violation. While that fact did not automatically entitle Couram to punitive damages, it did constitute negligence per se, making the issue of punitive damages a question for the jury.[3] The circuit court erroneously concluded the violation of the statute did not provide sufficient evidence of recklessness to survive Tidwell's directed verdict motion. Additionally, as stated, punitive damages are not necessarily dependent on intentional conduct but are appropriate when the defendant's conduct was reckless. When Couram stated she did not believe Tidwell hit her intentionally—that the collision was an accident—her statements were not an admission or concession that he was not reckless or consciously failed to exercise due care. She was simply indicating *the resulting injury to her* was inadvertent. Therefore, the circuit court erred in finding Couram's statements precluded her from recovering punitive damages. Accordingly, the circuit court's granting of Tidwell's motion for directed verdict on punitive damages is reversed, and the case is remanded for a new trial. *See Rhodes v. Lawrence*, 279 S.C. 96, 98, 302 S.E.2d 343, 344 (1983) (reversing the circuit court's grant of directed verdict on punitive damages and remanding for a new trial).

**REVERSED AND REMANDED.** [4]

**KONDUROS, HILL, and HEWITT, J.J., concur.**

---

[3] There must also be some evidence that the statutory violation contributed to the plaintiff's injury. *See Cartee v. Lesley*, 290 S.C. 333, 337-38, 350 S.E.2d 388, 390 (1986) ("There must be some inference of a causal link between the statutory violation and the injury to warrant submitting the issue of punitive damages to the jury.").

[4] We decide this case without oral argument pursuant to Rule 215, SCACR.