In the Matter of the Will of STEFANO MONTUORI, Deceased.

Surrogate's Court, Queens County, January 30, 1943.

*Skinner & Bermant* for Angelina Montuori, petitioner.

*Sherwood P. Richards,* special guardian for Theodore Montuori, infant.

SAVARESE, S.   Decedent died on November 22, 1931, survived by his widow and six children.   A handwritten instrument signed by him on December 25, 1928, in the presence of three witnesses has been offered for probate by his widow.   No objections have been filed. All the children except one, who is an infant over fourteen years of age, have consented to probate.   The provisions of the instrument, written on both sides of a single sheet of paper, approximately three and one-half inches wide and five and one-half inches long, are as follows: "I hereby on this day do give to my wife Angelina Montu Montuori all my chattels and property located at Conduit Blvd Jamaica South Long Island N. Y. in case of any misfortune occurring in the future she is to receive all my property known and unknown wit without restrictions or otherwise."   The use of the word "misfortune" by the decedent has raised the question whether he intended the instrument to take effect upon his death or upon some other happening.

The distinguishing feature of a will is that it is not to take effect except upon the death of the testator. (*Matter of Diez,* 50 N. Y. 88, 93; *Younger* v. *Duffie,* 94 N. Y. 535, 539; *Gilman* v.

*McArdle,* 99 N. Y. 451, 461.) If the decedent employed the word " misfortune " in the sense of death, the instrument may be regarded as a will. Misfortune has been defined as " equivalent to some adverse event not immediately dependent on the action or will of him who suffers from it, and of so improbable a character that no prudent man would take it into his calculations in reference to the interest of himself or of others." (Bouvier's Law Dictionary [3rd rev.].) Funk and Wagnalls' New Standard Dictionary defines the word as " bad luck  *  *  *  any instance of adverse fortune; a calamity; mishap; mischance." In the light of these definitions death and misfortune are not synonymous. The former is certain and necessarily taken into account by the maker of a will, while the latter is so uncertain as not to be considered by the ordinary prudent person in the management and disposition of his affairs. Despite the meaning ascribed to the word by lexicographers, I am of the opinion that the decedent intended his dispositions should take effect upon his death and not on the occasion of a mishap or other adverse event. The informal nature of the instrument and the looseness of the language employed give no indication that the decedent was familiar with or had read the quoted definitions. It seems to me that if he intended a happening which would incapacitate him or destroy or wipe out his possessions he would be more inclined to retain them than to give them to another. It is not reasonable to assume that he would dispose of them in time of need. On the other hand he could be generous when the need for retention no longer existed. Death alone would definitely fix that time. In my opinion the " misfortune " which the decedent had in mind was his own death, and that is the time when he intended the instrument to become effective. Due execution in accordance with the statute having been proven, together with decedent's testamentary capacity and freedom from restraint, and the court being otherwise satisfied as to the genuineness of the instrument, probate is decreed and letters of administration with the will annexed may issue to the proponent upon the filing of a bond in the sum of $2,500. Proceed accordingly.