### 18140

Kermit R. PAGE, Respondent, v. Eva V. PAGE, Victoria Lee Page, Carolyn Louise Page, James Edward Page, and the South Carolina National Bank of Charleston, of whom Victoria Lee Page, Carolyn Louise Page, James Edward Page and the South Carolina National Bank of Charleston are, Appellants.

(133 S. E. (2d) 829)

*Messrs. E. Windell McCrackin* and *Howell v. Bellamy, Jr.,* of Myrtle Beach, *for Appellants,*

*Messrs. Holler & Holler,* of Myrtle Beach, *for Respondent.*

December 12, 1963.

TAYLOR, Chief Justice.

This action was brought by plaintiff, Kermit R. Page, to construe the will of the late father, James O. Page. Among other provisions, the will provided:

"Item VIII. All the rest, residue and remainder of my estate, whether real, personal or mixed, which I may own at the time of my death, or in any way be entitled to, I give, devise and bequeath the same to my trusted friend, Edwin L. Lucas, as Trustee, the same to be expended for any emergent needs of my son, Kermit R. Page, and my three grandchildren, Victoria Lee Page, Carolyn Louise Page and James Edward Page, the Trustee to be the judge of the necessity of paying out any of said funds. This is to provide against any misfortune to my said son that would incapacitate him as a provider for himself and his family, or any unforseen happening to any of the said children that would make necessary any expenses that my said son could not reasonably meet."

The named trustee failed to qualify and the First National Bank of Myrtle Beach administered the trust fund until merging with the South Carolina National Bank of Charleston, which is now the duly qualified and acting trustee under the will.

Plaintiff seeks a construction of the will which would authorize and direct the trustee to pay to him the annual income from the corpus of the trust.

While the First National Bank of Myrtle Beach acted as trustee, it construed the will as allowing payment of taxes and insurance upon land devised to plaintiff by the testator and used by him as a home for himself and family. Upon qualification as trustee, the South Carolina National Bank of Charleston placed a different construction on the will to the effect that the trust funds were not intended by testator to be used in the manner demanded by plaintiff.

The Honorable Claude M. Epps, Judge of the Civil and Criminal Court of Horry County, in his Order of April 6,

1963, placed a construction on the will in accordance with plaintiff's demands "since to do so would be in the best interest of all the individual parties to this suit and since it could in nowise affect the defendant trustee." It was ordered that the trustee pay the 1962 taxes, plus any insurance premiums. It was ordered further that the annual income from the corpus be paid to plaintiff and that the trustee pay from the trust fund attorneys' fees in the amount of $350.00 plus $25.00 for the guardian *ad litem*. The trustee and guardian for the minor grandchildren appeal.

The 1962 City and County taxes on the real estate, which consists of a house and lot together with an adjoining vacant lot, both of which were devised to Respondent by the testator, amount to $202.66. The insurance premium, which became due and payable January 18, 1963, amounts to $121.26. The corpus of the trust is approximately $21,300.00 and the annual income therefrom based on prior earnings amounts to approximately $840.00.

The powers of a trustee are either mandatory or discretionary. A power is mandatory when it authorizes and commands the trustee to perform some positive act and is discretionary when the trustee may either exercise or refrain from exercising it. *Woodward v. Mordecai,* 234 N. C. 463, 67 S. E. (2d) 839; 54 Am. Jur., Trusts, Section 290, p. 231, 80 C. J. S., Trusts, § 246, p. 223. The testator by directing "the Trustee to be the judge of the necessity of paying out any of said funds" vested a discretionary power upon the trustee as to the disbursement of the trust funds.

However, a trustee cannot exercise an arbitrary discretion with regard to the trust property. *Neel v. Clark,* 193 S. C. 412, 8 S. E. (2d) 740. Courts of Equity have the right to exercise a supervisory control of the act of trustees, *Wannamaker v. South Carolina State Bank,* 176 S. C. 133, 179 S. E. 896; *Scovill v. Scovill,* 191 S. C. 323, 4 S. E. (2d) 286; *Wingard v. Hennessee,* 206 S. C. 159, 33 S. E. (2d) 390. In the administration of a

trust, the intent of the testator is of controlling importance. Such intent is to be gathered from the words of the provision, but these words are to be interpreted in the light of the rest of the will in order to determine the intention. 54 Am. Jur., Trusts, Section 274, p. 218. The trustee does not have absolute and uncontrolled discretion in disbursing the trust funds but must exercise his discretion as directed by the will. By the terms of the will under consideration, the trustee may only apply such funds for use of the beneficiaries whenever in the trustee's judgment, due to a "misfortune," the beneficiaries are in "emergent need."

" 'Misfortune' is some adverse event not immediately dependent on action or will of him who suffers it, and so improbable that no prudent man would take it into his calculations. In re Monterori's Will, 179 Misc. 711, 40 N. Y. S. (2d) 414, 415." 27 Words & Phrases, p. 532. An "emergent need" is a need which suddenly arises unexpectedly from an unforeseen combination of circumstances often calling for prompt and immediate action or remedy. It does not embrace happenings which are recurring and foreseeable in the ordinary course of events but rather refers to an event or circumstance which might not occur and which was not reasonably forseeable or anticipated at the time of the will's execution.

Examination of Appellant trustee's action in this light reveals that it did not abuse its discretion by refusing to pay the reasonably forseeable expenses of insurance and property taxes on Respondent's land. If the trustee exercises his discretionary power in good faith, without fraud or collusion, the Court will not interfere or control his discretion. *Carter v. Young*, 193 N. C. 678, 137 S. E. 875. Respondent would, in effect, have the Court substitute its discretion for that of the trustee. This the Court cannot do and "the mere fact that if the discretion had been conferred upon the Court, the Court would have exercised the power differently is not a sufficient reason for interfering with the exercise of the power by the trustee." II Scott on Trusts, Section 187, p. 1376.

The burden is not upon the trustee to show good reasons for its actions but rather is upon those who question its actions to prove an abuse of discretion. There has been no showing that Respondent's claimed lack of financial resources is insufficient or unavailable due to any "misfortune" which would require the trustee to alleviate an "emergent need" such as to warrant this Court granting the relief sought on the grounds that the trustee has abused its discretion.

For the foregoing reasons, we are of opinion that the Order appealed from should be reversed, and it is so ordered.

Reversed.

Moss, Lewis, Bussey and Brailsford, JJ., concur.