0517

Mable Craig CARTEE, Joseph Lane Cartee, Gary L. Cartee and Gregory D. Cartee, Appellants-Respondents, v. Jasper P. LESLEY and W. G. Acker, Respondents-Appellants.

(333 S. E. (2d) 341)

Court of Appeals

_____

*Gary L. Cartee,* Charleston, *for appellants-respondents.*
*Edward Welmaker,* Pickens, *for respondents-appellants.*
Heard April 22, 1985.

Decided July 1, 1985.

CURETON, Judge:

This appeal involves a suit by the beneficiaries under the will of E. F. Cartee against the executors-trustees for negligent management of Mr. Cartee's estate. The jury returned a verdict for the beneficiaries for $1.00 and all parties appeal. We affirm.

E. F. Cartee died in 1972 leaving a will which named Jasper P. Lesley, a nephew, and W. G. Acker, Cartee's attorney, co-executors-trustees of his estate. In his will, Mr. Cartee devised his estate to Lesley and Acker in trust for the benefit of his wife Mable Cartee, his son Joseph Cartee and his grandsons, Gary and Gregory Cartee. The trustees were authorized to provide adequate funds for support of the wife and son and to pay for the grandsons' educations. The will provided for distribution of the estate to the grandsons following the deaths of Mable Cartee and the parents of Gary and Gregory Cartee.

The Cartee beneficiaries brought this suit in 1981 alleging that the trustees negligently and fraudulently mismanaged the estate in four primary areas: (1) subdividing and selling thirty acres of the estate's land; (2) failing to properly manage the timber on the estate's land; (3) leasing a store building owned by the estate to Lesley's son for less than its fair market value; and (4) filing their first estate accounting in the probate court some five years after commencement of administration of the estate. In their complaint the beneficiaries prayed for money damages of $750,000 and an injunction prohibiting the trustees from further administering the estate.

On appeal the beneficiaries raise several issues regarding evidentiary matters, the impeachment of witnesses, the form of the verdict, and the striking of allegations from their pleadings. They also complain of the refusal of the trial judge to require production of documents, to permit amendment of their pleadings, to submit certain issues to the jury, and to grant an injunction. On the other hand, the trustees complain of the admission of certain testimony, the submission of certain issues to the jury and the failure of the trial judge to direct a verdict, grant a non-suit, or enter judgment *n.o.v.*

## I. THE BENEFICIARIES' CASE

### A.

On the first day of trial, the Cartees moved for permission to amend the prayer of their complaint to seek damages on behalf of the estate instead of for their own benefit, and to require trustee Lesley to produce at trial the leases on all store buildings owned by him in South Carolina. They wanted the leases in order to show that Lesley leased his buildings for substantially more than the trustees leased the estate's store building to Lesley's son.

Motions to produce documents and to amend pleadings are addressed to the sound discretion of the trial judge. *Industrial Welding Supplies, Inc. v. Atlas Vending Co.*, 276 S. C. 196, 277 S. E. (2d) 885 (1981) (amendment to pleadings); *Wallace v. Timmons*, 237 S. C. 411, 117 S. E. (2d) 567 (1960) (motion to produce). We find no abuse of discretion. The evidence does not show that the beneficiaries were entitled under statute to the amendment or that they were prejudiced by the court's failure to grant the amendment since the beneficiaries were, in any event, entitled to prosecute the instant action against the trustees. 76 Am. Jur. (2d) *Trusts* Section 578 (1975). 3 A. W. Scott, *The Law of Trusts* Sections 197-198 (3d ed. 1967). Further, as pertains to the leases, the beneficiaries do not show by any competent evidence that the leases involved comparable properties. Thus, it was not error for the trial judge to refuse the motion to produce the leases.

### B.

The beneficiaries next argue that the trial judge should have permitted them to introduce into evidence some of Mr. Cartee's bank records to explain the precise time Lesley's son first leased the building. We are unable to review this exception because the court's ruling on the trustees' objection to this offer of evidence is not in the record. *Polson v. Burr*, 235 S. C. 216, 110 S. E. (2d) 855 (1959).

The Cartees also assign error to the court's admission of the testimony of the trustees' expert witness relative to the rental value of the store owned by the estate. We cannot say the witness' testimony should have

been excluded. While the witness admitted he was not sure he had an opinion about the value of the store, he did testify to the rental value of similar properties in the vicinity of the store. The qualifications of an expert are largely a matter of discretion of the trial judge. *South Carolina Department of Highways and Public Transportation v. Manning,* 283 S. C. 394, 323 S. E. (2d) 775 (1984).

C.

The beneficiaries called respondent Lesley as a witness. In examining him they requested the right to have him read from his deposition. The court refused stating that since the Cartees called Lesley as their own witness, they could not impeach him. Circuit Court Rule 87D(2) provides that the deposition of an adverse party may be used for any reason. Thus, to refuse permission to read the deposition into evidence was error. Nevertheless, in the absence of a showing in the record that the Cartees made an offer of proof of the content of the deposition, we find no error. *Legrande v. Legrande,* 178 S. C. 230, 182 S. E. 432, 102 A. L. R. 582 (1935); *Williams By and Through Williams v. Vereen,* _____ S. C. _____, 325 S. E. (2d) 337 (Ct. App. 1985); *see U. S. v. Lowrie,* 246 F. (2d) 472 (4th Cir. 1957).

D.

Next, the beneficiaries assert that the trial court erred in striking allegations from paragraphs twenty-one and thirty-nine of their complaint. The court's rulings striking these allegations are not in the record, nor are the Cartees' objections to the striking of these allegations in the record. This Court is confined to the appellate record in reviewing a judgment for error. *South Carolina Highway Department v. Meredith,* 241 S. C. 306, 128 S. E. (2d) 179 (1962); *Masters v. Rodgers Development Group,* 283 S. C. 251, 321 S. E. (2d) 194 (Ct. App. 1984).

E.

The beneficiaries next contend that the trial court should not have directed a verdict against them on their fraud claim. This contention has no merit. Our review of the record shows that the Cartees neither alleged nor proved fraud. The only evidence regarding the fraud issue is that of Gary Cartee who explained the fraud thusly:

"[I]t is in the lease. It was not an arm's length transaction." This explanation falls far short of showing fraud even if fraud were alleged by the beneficiaries in their complaint. *Moye v. Wilson Motors, Inc.*, 254 S. C. 471, 176 S. E. (2d) 147 (1970).

### F.

The beneficiaries next argue that the trial judge should have instructed the jury to return separate verdicts against each of the trustees. The record shows no objection was made to the form of the verdict at trial, no request was made for a special verdict, no request was made to poll the jury, nor was a motion made for a new trial based on the form of the verdict. Issues not presented to the trial court are not before us for review. *Mackey v. Kerr-McGee Chemical Co.*, 280 S. C. 265, 312 S. E. (2d) 565 (Ct. App. 1984).

### G.

Finally, the beneficiaries argue that the trial judge erred in not granting them an injunction prohibiting the trustees from performing any duties with respect to the estate. We disagree. A court of equity may in a proper case decree an injunction to protect a trust res, restrain the trustees from unauthorized acts or breach of trust, or restrain an unauthorized sale, diversion or disposition of the trust property. 76 Am. Jur. (2d) *Trusts* Section 583 (1975). The general rule is that an injunction should be granted only where some irreparable injury is threatened for which there is no adequate remedy at law. *Greenwood County v. Shay*, 202 S. C. 16, 23 S. E. (2d) 825 (1943). Whether a wrong is irreparable in the sense that equity may intervene, and whether there is an adequate remedy at law for a wrong, are questions that are not decided by narrow and artificial rules. *Kirk v. Clark*, 191 S. C. 205, 4 S. E. (2d) 13 (1939). Here, the nominal jury verdict of $1.00 demonstrates that any harm done by the trustees to the trust res is insubstantial. Additionally, the beneficiaries have not shown any threat of future harm by the trustees to the beneficiaries' interests as would warrant intervention by a court of equity. We find no error in the trial judge's refusal to grant the injunction.

## II. THE TRUSTEES' APPEAL

### A.

The trustees argue first that since the probate court accepted the executors/trustees' first accounting, it is implied that he also approved it although it was over four years late. They further argue that the late filing could not as a matter of law constitute negligence and thus it was error for the trial judge to submit the issue to the jury. This argument has no merit. There is no evidence in the record that the probate court approved the late filing or the accounting. Moreover, S. C. Code Ann. Section 21-15-1410 (1976) provides in pertinent part that in addition to forfeiting his commissions, an executor who fails to make timely returns may "moreover be liable to be sued for damages by the person interested in such estate." We hold that failure of trustees to file timely returns may indicate acts of negligence. Thus, the trial judge did not commit error in failing to remove this issue from the jury's consideration.

### B.

When called as a witness by the beneficiaries, Lesley testified to his use of due care in managing the estate.

Gary Cartee, a beneficiary and the attorney who in effect represented the estate at trial, then testified. The trustees argue that the trial judge committed error in permitting the Cartees to impeach their own witness in two particulars: (1) when Gary Cartee testified that Lesley had previously stated that he would "turn over" the estate to the Cartees, and (2) when Gary Cartee, in response to the question by the trustees' attorney on cross-examination: "Now ... are you accusing [Lesley] of fraud?," answered, "Yes, I am." We find no error because our reading of the record does not show that Lesley ever testified that he told the Cartees that he would not turn the estate over to them. Further, the trustees by asking Gary Cartee a question calling for an answer that would impeach Lesley's testimony, cannot now complain that he answered their question especially where, as here, no contemporaneous objection was made to the testimony, nor motion made to strike it. Where the record does not reflect a point has been raised or decided in the lower court, that point cannot be considered on appeal for

the first time. *Murphy v. Hagan,* 275 S. C. 334, 271 S. E. (2d) 311 (1980).

## C.

The trustees next argue that the Cartees' expert witness was never properly qualified as an expert, was allowed to testify from hearsay sources, was permitted to answer improper hypothetical questions, and was allowed to testify to irrelevant comparable rentals.

We find no merit to any of these arguments. Whether a witness has qualified as an expert, and whether his opinion is admissible on a fact in issue are matters resting largely in the discretion of the trial judge. *State v. Lambert,* 276 S. C. 398, 279 S. E. (2d) 364 (1981); *Prince v. Associated Petroleum Carriers,* 262 S. C. 358, 204 S. E. (2d) 575 (1974). The Cartees' witness who testified as an expert on rental values was an M.A.I. appraiser with seventeen years of experience in appraising properties in South Carolina. The fact that he had not performed an appraisal in Pickens County prior to the one in question would not make him incompetent to testify in the case.

We also find no merit to the trustees' argument that the Cartees' expert witness was asked improper hypothetical questions or that his opinion of value was based on what would otherwise be inadmissible hearsay. In South Carolina, a hypothetical question to an expert is appropriate if it contains "substantially all the material facts necessary to the formation of an intelligent opinion" by the expert. *Chapman v. Foremost Dairies, Inc.,* 249 S. C. 438, 154 S. E. (2d) 845 (1967). Here, the hypothetical question contained sufficient material facts to enable the expert witness to form an intelligent opinion. Further, an expert may base his opinion on information "whether or not inadmissible, made available to him before the hearing if the information is of a type reasonably relied upon in the field to. make opinions." Dreher, *A Guide to Evidence Law in South Carolina,* p. 20 (1979). The trustees' objection relates to the fact that much of the expert witness' knowledge regarding rental value for the subject property came from a publication called "Market Valuation Service" and from information he obtained from talking to renters in the area. As stated in the

case of *Miller v. Travelers Insurance Co.*, 111 Ga. App. 245, 141 S. E. (2d) 223 (1965), "every expert derives much of his knowledge from books as well as from experience."

As pertains to the mismanagement of the estate by ■ the sale of certain lots by the trustees for less than their fair market value, the trustees argue that the testimony of Wade H. Stack, the beneficiaries' expert witness on real estate values, should have been stricken because the 1981 values of the lots were irrelevant to the 1974 sales prices for the lots. We hold that this objection was not timely made at trial. The only reference in the record to this objection is as follows:

> THE COURT: You can ask him if he has an opinion as to the value of the lots.
> MR. CARTEE: That's what I asked him, Your Honor.
> MR. FLOYD (trustee's attorney): Those lots are not even in the estate now. They've been sold.
> THE COURT: Well, he can testify to the value of 'em, as to what his opinion of the values of 'em.

If the trustees' attorney's remarks can be considered an objection, they did not embrace the same proposition they now argue on appeal. An exception raised on appeal must be on the same ground as the corresponding objection in the lower court. *Beck v. Gibson*, 268 S. C. 627, 235 S. E. (2d) 716 (1977).

Finally, the trustees argue that they were entitled to ■ either a nonsuit, a directed verdict or judgment *n.o.v.* at appropriate stages of the trial. We disagree. In cnsidering whether the trial court erred in refusing motions for nonsuit, directed verdict, and judgment *n.o.v.*, on the basis of lack of evidence, this Court is required to view the evidence and all reasonable inferences from it in the light most favorable to the non-moving party. *Shearer v. DeShon*, 240 S. C. 472, 126 S. E. (2d) 514 (1962). Viewing the evidence in this light, we hold the evidence was sufficient to take the case to the jury.

## POST APPEAL MOTIONS

The Cartees have made motions before this Court to supplement the appeal record, for permission to contact the

jurors who heard the case, and for sanctions and other relief against the trustees for maneuvering to exclude "relevant testimony ... from the transcript of record." The trustees oppose all these motions. We deny all motions.

The Cartees' request to supplement the record relates ▇ to the failure of the trial judge who settled the record on appeal to include his ruling denying the beneficiaries' prayer for an injunction and the Cartees' objection to the ruling. We deny this motion because the record does not reflect that the Cartees excepted to the trial judge's refusal to include this matter in the transcript or that they argued this ground in their brief. Moreover, granting the motion would not change the result of the case.

The Cartees' motion to contact jurors is based on the ▇▇ ground the verdict may have been altered. This argument is patently without merit and we summarily dispose of it without further comment. Likewise, the Cartees' motion for the imposition of sanctions against the trustees for maneuvering to exclude certain relevant matter from the transcript has no merit. We frankly do not understand the Cartees' argument on this point. They argue that while their attorney was busy preparing a request for a writ of prohibition in the South Carolina Supreme Court the trustees were busy filing actions in the probate court and because they had to devote time to the probate matters, their attention was diverted from preparing an appropriate record on appeal. We see no merit to this argument and summarily dismiss it.

## CONCLUSION

We have carefully reviewed the numerous exceptions and issues raised on this appeal. Several were manifestly without merit and we have declined to address them. 1985 S. C. Acts 105, *amending* S. C. Code Ann. Section 14-8-250 (1976), as amended. The decision of the circuit court is

Affirmed.

GARDNER and GOOLSBY, JJ., concur.