22622

Mable Craig CARTEE, Joseph Lane Cartee, Gary L. Cartee, and Gregory D. Cartee, Petitioners v. Jasper P. LESLEY and W. G. Acker, Respondents.

(350 S. E. (2d) 388)

Supreme Court

*Gary L. Cartee,* Charleston, *for petitioners.*

*G. Edward Welmaker,* of *Acker, Acker, Floyd and Welmaker,* Pickens, *for respondents.*

Heard May 19, 1986.

Decided Nov. 3, 1986.

NESS, Chief Justice:

We granted certiorari to review a portion of the decision of the Court of Appeals in this case reported at 286 S. C. 249, 333 S. E. (2d) 341 (Ct. App. 1985). We affirm.

Petitioners are the beneficiaries of a trust administered by respondents Lesley and Acker (trustees). The beneficiaries brought suit against the trustees for negligence and breach of fiduciary duty alleging the estate had been mismanaged.

The trial judge directed a verdict in favor of the trustees on the issue of punitive damages. The jury found in favor of the beneficiaries, awarding $1 in actual damages. Upon appeal by the beneficiaries, the Court of Appeals affirmed on all issues. We granted certiorari *solely* to determine whether the Court of Appeals erred in upholding the trial judge's refusal to submit punitive damages to the jury.[1]

The will and codicil of E. F. Cartee named his nephew Lesley and Cartee's attorney Acker as trustees of his estate for the benefit of Cartee's wife, his son and his grandsons. The will placed affirmative duties on the trustees to provide funds for support of some of the beneficiaries during their lifetimes, and to pay educational expenses for the grand-

---

[1] The Court of Appeals characterized the punitive damages issue as a directed verdict on a claim of "fraud." 333 S. E. (2d) at 345. This was error. The parties did not plead or argue fraud at either the trial or appellate level.

sons. The trustees were empowered to sell certain real estate in the trust if necessary to carry out the support obligations of the trust. Upon the deaths of certain of the beneficiaries, the trust corpus was to be distributed to the surviving beneficiaries.

The beneficiaries brought suit against the trustees alleging negligence and breach of fiduciary duty in four respects: (1) subdividing and selling a piece of trust property; (2) mismanagement of trust timber; (3) leasing trust property for less than fair market value; and (4) filing late accountings in probate court. Testimony at trial indicated the income derived from the management of trust assets could have been greater. Testimony also showed the trustees failed to file accountings of the trust with the probate court for several years. The trial judge granted trustees' motion for a directed verdict on punitive damages. Beneficiaries argue the trial judge erred in striking the claim for punitive damages.

The powers of a trustee are either mandatory or discretionary. A power is mandatory when it authorizes and commands the trustee to perform some positive act, and is discretionary when the trustee may refrain from exercising it. *Page v. Page*, 243 S. C. 312, 133 S. E. (2d) 829 (1963). Absolute liability arises when the trustee fails to do some mandatory act required by the express terms of the trust instrument. *Alderman v. Cooper*, 257 S. C. 304, 185 S. E. (2d) 809 (1971). Liability for negligence may arise from discretionary acts which the trustee has negligently performed. *Rodgers v. Herron*, 226 S. C. 317, 85 S. E. (2d) 104 (1954). As to his discretionary acts, a trustee must exercise the reasonable care, prudence and diligence in the management of trust assets as a reasonably prudent man would do with relation to his own affairs. *Alderman v. Cooper, supra; Epworth Orphanage v. Long*, 207 S. C. 384, 36 S. E. (2d) 37 (1945). A trustee must exclude all selfish interest in his dealings on behalf of the beneficiaries. *Ramage v. Ramage*, 283 S. C. 239, 322 S. E. (2d) 22 (Ct. App. 1984). Punitive damages may be imposed upon a trustee where there is evidence his management of the estate was in bad faith or conscious indifference to the rights of the beneficiaries. *Citizens & Southern National Bank v. Haskins*, 254

Ga. 131, 327 S. E. (2d) 192 (1985). See also, *Hoppe v. Hoppe*, 370 So. (2d) 374 (Fla. App. 1978).

We agree with the trial judge and the Court of Appeals there was no evidence of bad faith or conscious indifference by the trustees with regard to the management of trust assets. However, beneficiaries assert the failure of the trustees to timely file the trust accountings as required by statute[2] is negligence *per se* which entitled them to have the issue of punitive damages submitted to the jury.

Punitive damages should be submitted to the jury when there is evidence a tort-feasor's conduct was willful, wanton, or in reckless disregard of the rights of another. *Fox v. Munnerlyn*, 283 S. C. 490, 323 S. E. (2d) 68 (Ct. App. 1984). Ordinarily, the test is whether the tort has been committed in such a manner or under circumstances that a person of ordinary reason or prudence would have been conscious of it as an invasion of the plaintiff's rights. *Hinson v. A. T. Sistare Construction Company, Inc.*, 236 S. C. 125, 113 S. E. (2d) 341 (1960). The test may also be satisfied by evidence of the causative violation of an applicable statute. *Tant v. Dan River, Inc.*, 289 S. C. 325, 345 S. E. (2d) 495 (1986); *Cantrell v. Carruth*, 250 S. C. 415, 158 S. E. (2d) 208 (1967).

However, before punitive damages may be submitted to the jury, there must be evidence the statutory violation proximately contributed to the injury. See *Spencer v. Kirby*, 234 S. C. 59, 106 S. E. (2d) 883 (1959); *Cirsosky v. Smathers*, 128 S. C. 358, 122 S. E. 864 (1924). Ordinarily, whether or not the statutory violation contributed as a proximate cause to the injury is a question for the jury. *Still v. Blake*, 255 S. C. 95, 177 S. E. (2d) 469 (1970); *Field v. Gregory*, 230 S. C. 39, 94 S. E. (2d) 15 (1956). A directed verdict on this issue is appropriate when the evidence is susceptible of only one reasonable inference. *Rowe v. Frick*, 250 S. C. 499, 159 S. E. (2d) 47 (1968). There must be

---

[2] Beneficiaries argue S. C. Code Ann. Section 21-15-1410 (1976) requires semi-annual accountings of trust activity be filed with the probate court. This statute is applicable to executors and administrators of decedent's estates and is inapplicable to the present case. Trustees are required to file annual returns with the probate court in accordance with S. C. Code Ann. Section 21-29-80 (1976).

some inference of a causal link between the statutory violation and the injury to warrant submitting the issue of punitive damages to the jury.

Here, the trial judge correctly directed a verdict for the trustees on the issue of punitive damages. Even though there was evidence of a statutory violation by the trustees, this violation could not reasonably have contributed to the injuries asserted by the beneficiaries.[3]

The decisions of the trial judge and the Court of Appeals are

Affirmed.

GREGORY, HARWELL, CHANDLER and FINNEY, JJ., concur.

---

[3] If the trustees had been guilty of driving without their drivers' licenses, they would have been guilty of violating a statute. However, that violation could have had nothing to do with the injuries claimed by the beneficiaries. Some inference of causation must be shown.