617 S.E.2d 736

In the Matter of ESTATE OF Niles STEVENS J. Jackson Thomas and Claude M. Epps, Jr., in their capacities as co-executors of the Estate of Niles Stevens and as cotrustees of the Niles Stevens Trust, Respondents,

v.

Laura Stevens LUTCH, Paul Stevens, II, individually, Paul Stevens, II, as parent and guardian of Sunni Stevens and Grace Stevens (who are minors), and any and all unknown and unborn heirs of Niles Stevens,

of whom Paul Stevens, II, individually, and Paul Stevens, II, as parent and guardian of Sunni Stevens and Grace Stevens (who are minors) are Appellants,

and

Laura Stevens Lutch and any and all unknown and unborn heirs of Niles Stevens are Respondents.

No. 3993.

Court of Appeals of South Carolina.

Heard March 9, 2005.

Decided May 23, 2005.

Rehearing Denied Aug. 29, 2005.

---

428

Clifford Heywood Tall, of Myrtle Beach, for Appellant.

Glenn V. Ohanesian, James F. McCrackin, Dominic A. Starr, J. Christopher Clark, and Mary Anna Neill, all of Myrtle Beach, for Respondents.

WILLIAMS, J.:

Paul Stevens, II, appeals a master-in-equity's decision, which declared that the trustees of the Niles Stevens Trust, of which Paul is a named beneficiary, were barred under the trust's terms from making certain discretionary payments. Specifically, the master held the trustees were prohibited from considering the educational needs of Paul's children when determining what constitutes a proper payment under the trust for Paul's "support." We reverse.

## FACTS

Niles Stevens died on February 24, 1984, leaving a will that established the testamentary trust in question. The trust contains the following language pertinent to this appeal:

> [M]y trustee may pay to or apply for the benefit of my said children, LAURA STEVENS and PAUL STEVENS, such sums from the principal or accumulated income of this trust as in his sole discretion shall be necessary or advisable from time to time for the health, education, support and mainte- nance of my said children, LAURA STEVENS and PAUL STEVENS, taking into consideration to the extent my

trustee deems advisable any other income or resources of my said children ... known to my trustee.

At the time of the litigation, the trust had an approximate value of six million dollars.

Laura Stevens Lutch and Paul Stevens are presently the trust's only named beneficiaries. Upon the death of either, the trust directs that the decedent's one-half interest shall be distributed to the issue of the deceased beneficiary. Should either die leaving no issue, the trust would remain intact for the benefit of the survivor and ultimately distributed to the issue of the surviving beneficiary. Paul presently has two minor children, Sunni and Grace Stevens. Laura has no children at this time.

Paul requested that the trustees exercise their discretionary authority by distributing trust funds for the purpose of funding the private school education of his two children, remainder beneficiaries of the trust. Unsure of their authority in this regard, the trustees, J. Jackson Thomas and Claude M. Epps, Jr., petitioned the probate court for a declaratory judgment on whether such payments fell within their discretionary powers as trustees. Pursuant to a motion filed by Paul, the case was removed to the circuit court and subsequently referred to the master-in-equity by consent of the parties.

Following a hearing on the matter, the master held that "[b]ased on the ordinary meaning of the language used in the Will, the Trustees are not authorized to make distributions to the Respondent Stevens or Respondent Lutch for the health, support, maintenance and education of their current or future children." This appeal followed.

## STANDARD OF REVIEW

■■ The standard of review for a declaratory judgment action is determined by the nature of the underlying issue. *Felts v. Richland County*, 303 S.C. 354, 356, 400 S.E.2d 781, 782 (1991). This case involves the construction of a will, which is an action at law. *See NationsBank of South Carolina v. Greenwood*, 321 S.C. 386, 392, 468 S.E.2d 658, 662 (Ct.App. 1996). This court's review is therefore limited to the correction of errors of law. *Okatie River, L.L.C. v. Southeastern Site Prep, L.L.C.*, 353 S.C. 327, 334, 577 S.E.2d 468, 472 (Ct.App.2003).

## LAW / ANALYSIS

■ The court-appointed guardian of Niles Stevens' unborn heirs, the trustees, and beneficiary Paul Stevens all argue, in some fashion or another, that it is permissible under the terms of the trust for the trustees to consider the educational needs of Paul's children when determining what constitutes a proper distribution for Paul's "support." We agree.

■ It is self-evident that the establishment of a trust involves some degree of confidence in the integrity, ability, and genuineness of another individual or entity, the trustee. This truism is given increased credence when the trustee is bestowed a discretionary power, which the trustee "may either exercise or refrain from exercising." *Page v. Page*, 243 S.C. 312, 315, 133 S.E.2d 829, 831 (1963). When determining the extent of a trustee's discretionary power, courts should keep in mind that the allocation of discretionary authority "is done out of a desire to obtain the trustee's honest judgment, perhaps even to the exclusion of the judgment of the court." 76 Am. Jur. 2d *Trusts* § 346 (1992). The mere fact that "if the discretion had been conferred upon the court, [it] would have exercised the power differently is not a sufficient reason for interfering with the exercise of the power by the trustee." *Page*, 243 S.C. at 316, 133 S.E.2d at 832. The trust in question is replete with language reflecting this intent on the part of the grantor, the most persuasive being the language of the clause in question: "my trustee may pay ... such sums from the principal or accumulated income of this trust *as in his sole discretion shall be necessary or advisable.*" [1]

Keeping in mind the general notion that the grantor intended to give the trustees' judgment much consequence, we move now to the issue at the heart of this appeal, namely, what considerations are appropriate under the trust's terms when determining whether to make a distribution for a beneficiary's "support." It was the position of the master, deciding the

---

1. *See also* Trust Article IV ("using so much of the net income and principal of such share *as my trustee deems necessary,*" "amounts shall be paid out by my trustee in such of the following ways *as my trustee may deem best*"); Trust Article v. ("my trustee[s] ... *are authorized in their absolute discretion*" to take any one of nineteen listed actions regarding the management of trust property) (emphasis added).

case in the absence of any South Carolina case law directly on point, that because the trust only granted the trustees the power to make trust distributions for the support of the named beneficiaries, it was improper for them to make distributions that would chiefly benefit the beneficiaries' children. We appreciate the master's thorough analysis in this matter, especially considering the issue's novelty in this state, but conclude that the questioned distributions fall within the discretionary authority of the trustees, subject of course to traditional judicial oversight of possible abuse of trustee discretion.

In reaching this conclusion, we are persuaded by the rationale of several other jurisdictions deciding similar, if not identical, matters. In *Robison v. Elston Bank & Trust Co.*, 113 Ind.App. 633, 48 N.E.2d 181 (1943), the Indiana Court of Appeals, interpreting a trust for the support, maintenance, and enjoyment of a beneficiary, approved distributions to the beneficiary even though they predominately benefited his wife and children. Explaining its conclusions, the court held, "[t]he needs of a married man include not only needs personal to him, but also the needs of his family living with him and entitled to his support." *Id.* at 189. Analyzing a similar situation, the Supreme Court of New Hampshire held that a beneficiary's needs included "not only his needs, but also the needs of his family." *Eaton v. Lovering*, 81 N.H. 275, 125 A. 433, 433 (1924); *see also Finch v. Wachovia Bank & Trust Co., N.A.*, 156 N.C.App. 343, 348, 577 S.E.2d 306, 309 (2003) (interpreting a trust established for the "reasonable needs" of a beneficiary, the court concluded the trustee erred in determining that the invasion of trust funds for the purpose of funding beneficiary's familial gift giving was beyond its discretion); *First Nat'l Bank of Beaumont v. Howard*, 149 Tex. 130, 229 S.W.2d 781, 785–86 (1950) (finding trust distributions for the purpose of funding the college education of beneficiary's children fell within the trustee's discretionary authority when the trust was established for the beneficiary's "support.").[2] We likewise hold, in recognition of the grantor's intent to vest broad discretionary authority in the trustees, that a trustee may consider the needs of a beneficiary's family when deter-

---

2. The master based his decision on the rationale of *Cavett v. Buck*, 397 P.2d 901 (Okla.1964), an Oklahoma case deciding a similar trust issue.

mining what distributions would be "necessary and advisable" for the beneficiary's "support."

Respondent Laura Stevens' most compelling argument against interpreting the term "support" broadly when determining the metes and bounds of trustee discretion relates to another broad aim of establishing many trusts, spendthrift protection. It is her position that our interpretation would allow meddlesome invasions into the trust funds by non-beneficiaries and creditors, despite the clear trust language that the trust shall not "be liable for or subject to the debts, contracts, obligations, liabilities or torts of any beneficiary." After due consideration of this argument, we are not persuaded of its merit.

First, nothing in the present decision speaks to trust claims asserted by non-beneficiaries. We hold merely that consideration of a beneficiary's familial obligations falls within a trustee's discretion when determining what constitutes a proper distribution for *the beneficiary's* "support." There would be nothing inconsistent with this opinion in barring a claim asserted by a non-beneficiary, even if that claim was based on a beneficiary's familial obligations, on the basis that the trust does not authorize distributions to non-beneficiaries. *See e.g., First Nat'l Bank of Beaumont*, 229 S.W.2d at 785–86 (holding that beneficiaries' children were absolutely barred under the terms of the trust from claiming through the trust because they were not beneficiaries; however, consideration of their educational needs was within trustee discretion in determining the propriety of distributions to the beneficiaries [the parents] ); *see also Burrage v. Bucknam* 301 Mass. 235, 16 N.E.2d 705, 706–07 (1938) (holding that wife and child of beneficiary were barred from collecting judgment [based on husband's failure to support] from trust funds because the trust's terms unambiguously authorized payments to husband

---

Although at first glance this decision seems to run contrary to our conclusions in the present case, we are not convinced the Oklahoma Supreme Court would necessarily decide the present appeal differently than we do here. The court in *Cavett* acknowledged that other jurisdictions included the needs of a beneficiary's family in interpreting the term "support," but distinguished the case before it based on trust language specifically limiting distributions to those made for the *"individual* support" of the beneficiary. *Id.* at 904–05. Such limiting language was not employed in the trust presently before us.

only). Such a situation is not presently before this court and this opinion should not be interpreted as authority, persuasive or otherwise, in regard to such matters.

Second, as in all matters involving trustee discretion, the considerations approved by this opinion remain subject to the traditional oversight and supervisory control of the courts. "[A] trustee does not have absolute and uncontrolled discretion in disbursing trust funds." *Page,* 243 S.C. at 316, 133 S.E.2d at 831. In any discretionary action, a trustee must eliminate all selfish interest and "exercise the reasonable care, prudence and diligence in the management of trust assets as a reasonably prudent man would do with relation to his own affairs." *Cartee v. Lesley,* 290 S.C. 333, 336, 350 S.E.2d 388, 390 (1986). "Punitive damages may be imposed upon a trustee where there is evidence his management of the [trust] was in bad faith or conscious indifference to the rights of the beneficiaries." *Id.* The considerations we hold today fall within a trustee's discretion must still be made with this requisite degree of care and prudence, and any alleged abuse of that discretion remains subject to court review.

For the foregoing reasons, the master-in-equity's decision is **REVERSED.**

HEARN, C.J., and KITTREDGE, J., concur.