**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Jacquelyn Gladden and Patricia Reed, Respondents,

v.

Cyndy Reed Stewart, Appellant.

Appellate Case No. 2021-001413

———

Appeal From Orangeburg County
Diane Schafer Goodstein, Circuit Court Judge

———

Unpublished Opinion No. 2024-UP-404
Submitted November 1, 2024 – Filed November 27, 2024

———

**AFFIRMED**

———

Robert Sam Phillips, of Grier, Cox, & Cranshaw, LLC, of Columbia, for Appellant.

Margaret A. Collins and Elizabeth Dyanne Moore, both of Palmetto State Law Group, LLC, of Columbia, for Respondents.

———

**PER CURIAM:** Cyndy Reed Stewart appeals the Orangeburg County circuit court's order sanctioning her, granting attorney's fees to Jacquelyn Gladden and Patricia Reed (collectively, Sisters), and finding she willfully and wantonly forged

the deed to property in Orangeburg County (the Property), breached her fiduciary duty as power of attorney (POA) for Theodocia Reed (Mother), attempted to defraud Sisters, and intentionally executed a Florida POA to obfuscate the South Carolina POA. On appeal, Stewart argues the circuit court erred in (1) denying her motion to dismiss due to a lack of subject matter jurisdiction, and (2) finding she willfully and wantonly committed forgery and was liable to Sisters for attorney's fees and costs. We affirm pursuant to Rule 220(b), SCACR.

1. We hold the circuit court did not err by denying Stewart's motion to dismiss due to a lack of subject matter jurisdiction because at the time Sisters filed their complaint, the causes of action were not within the probate court's exclusive jurisdiction. *See Seels v. Smalls*, 437 S.C. 167, 172, 877 S.E.2d 351, 354 (2022) ("Questions of law involving subject matter jurisdiction . . . are reviewed de novo, without deference to the lower courts."); S.C. Const. art. V, § 11 ("The Circuit Court shall be a general trial court with original jurisdiction in civil and criminal cases, except those cases in which exclusive jurisdiction shall be given to inferior courts, and shall have appellate jurisdiction as provided by law."). The claims of forgery, breach of fiduciary duty as POA, and fraud as to the transfer of the Property during Mother's lifetime did not fall within the exclusive jurisdiction of the probate court, as provided by statute. *See* S.C. Code Ann. § 62-1-302(a)(1) (2022) (giving the probate court exclusive jurisdiction over subject matter related to estates of decedents, the contest of wills, construction of wills, determination of property in which the estate of a decedent or a protected person has an interest, and a determination of heirs and successors of decedents); *Brown v. Butler*, 347 S.C. 259, 263-64, 554 S.E.2d 431, 433-34 (Ct. App. 2001) (holding a master-in-equity had subject matter jurisdiction to set aside a deed when the transferee "received legal title to the property as a result of an *inter vivos* conveyance and held title for several months before the transferor's death"); *Gardner v. Gardner*, 253 S.C. 296, 302, 170 S.E.2d 372, 375 (1969) ("The general rule is that jurisdiction of a court depends upon the state of affairs existing at the time it is invoked."); *id.* ("If jurisdiction once attaches to the person and subject matter of the litigation the subsequent happening of events will not ordinarily operate to oust the jurisdiction already attached."). Furthermore, Stewart's subsequent transfer of the Property to Mother's estate did not render the claims moot because the issues of forgery, fraud, breach of fiduciary duty, and the damages that resulted therefrom had not yet been resolved. *See Sloan v. Friends of Hunley, Inc.*, 369 S.C. 20, 25, 630 S.E.2d 474, 477 (2006) ("Generally, this [c]ourt only considers cases presenting a justiciable controversy."); *id.* ("A justiciable controversy exists when there is a real and substantial controversy which is appropriate for judicial determination, as distinguished from a dispute that is contingent, hypothetical, or abstract.").

2. We hold the circuit court did not err in finding Stewart willfully and wantonly forged the deed to the Property, sanctioning Stewart, and granting Sisters attorney's fees. *See Townes Assocs., Ltd. v. City of Greenville*, 266 S.C. 81, 86, 221 S.E.2d 773, 775 (1976) ("In an action at law, on appeal of a case tried without a jury, the findings of fact of the [court] will not be disturbed upon appeal unless found to be without evidence which reasonably supports the [court]'s findings."), *abrogated on other grounds by Matter of Est. of Kay*, 423 S.C. 476, 816 S.E.2d 542 (2018); *Taylor v. Medenica*, 324 S.C. 200, 221, 479 S.E.2d 35, 46 (1996) ("The plaintiff has the burden of proving punitive damages by clear and convincing evidence."). There was evidence which reasonably supported the circuit court's finding, particularly Stewart's actions in executing a second POA in Florida after Mother was declared incapacitated, signing the deed under Mother's name despite acknowledging she would not do so in other circumstances, and transferring the Property to herself in contravention of previous court orders and the South Carolina POA. *See Taylor*, 324 S.C. at 221, 479 S.E.2d at 46 ("In order for a plaintiff to recover punitive damages, there must be evidence the defendant's conduct was willful, wanton, or in reckless disregard of the plaintiff's rights."); *McCourt ex rel. McCourt v. Abernathy*, 318 S.C. 301, 308, 457 S.E.2d 603, 607 (1995) ("A conscious failure to exercise due care constitutes willfulness."); *Cartee v. Lesley*, 290 S.C. 333, 337, 350 S.E.2d 388, 390 (1986) ("Ordinarily, the test is whether the tort has been committed in such a manner or under circumstances that a person of ordinary reason or prudence would have been conscious of it as an invasion of the plaintiff's rights."). Although Stewart contends the circuit court improperly found a violation of a criminal statute, thereby exceeding its jurisdictional limits, the circuit court's order did not specifically find Stewart violated a criminal statute and did not otherwise indicate the trial was criminal in nature.[1]

**AFFIRMED.**[2]

**THOMAS, HEWITT, and VINSON, JJ., concur.**

---

[1] Insofar as Stewart argues the statute relied upon by the circuit court in granting attorney's fees to Sisters was not applicable to this action, we hold the issue is not preserved for review. *See State v. Dunbar,* 356 S.C. 138, 142, 587 S.E.2d 691, 693-94 (2003) (holding an issue must be both raised to and ruled upon by the trial court in order to be preserved for appellate review).

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.